1  **JENNER & BLOCK LLP**
   David R. Singer (SBN 204699)
2  dsinger@jenner.com
3  Julie A. Shepard (SBN 175538)
   jshepard@jenner.com
4  Lauren M. Greene (SBN 271397)
5  lgreene@jenner.com
   515 South Flower Street, Suite 3300
6  Los Angeles, CA  90071-2246
7  Telephone:  (213) 239-5100
   Facsimile:   (213) 239-5199
8
9  *Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC., UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, et. al,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MIDJOURNEY, INC.,<br><br>　　　　　　　　Defendant. | Case No. 2:25-cv-05275-JAK-AJR<br><br>**NOTICE OF RELATED CASES**<br><br>**[CIVIL L.R. 83-1.1.3]** |

1  Pursuant to Local Rule 83-1.3.1, Plaintiffs Disney Enterprises, Inc., Marvel
2  Characters, Inc., MVL Film Finance LLC, Lucasfilm Ltd. LLC, Twentieth Century Fox
3  Film Corporation (collectively "Disney"), and Universal City Studios Productions LLLP
4  and DreamWorks Animation L.L.C. (collectively "Universal") hereby give notice that this
5  action is related to *Warner Bros. Entertainment Co., et al. v. Midjourney, Inc.*, Case No.
6  2:25-cv-08376 (the "Warner Bros. Discovery Action") which was filed on September 4,
7  2025 and has not yet been assigned to a judge in this District.

8  Under Local Rule 83-1.3.1, cases are related if, among other things, they "(a) arise
9  from the same or closely related transaction, happening, or event; (b) call for determination
10 of the same or substantially related or similar questions of law and fact; or (c) for other
11 reasons that would entail substantial duplication of labor if heard by different judges." Both
12 sub-paragraphs (b) and (c) are satisfied here because the Warner Bros. Discovery Action
13 and this action both give rise to the same or substantially similar questions of law and fact
14 that would result in substantial duplication of labor if overseen by two of this District's
15 judges.

16 In both the Warner Bros. Discovery Action and this action, the plaintiffs are among
17 the largest movie and television studios (Disney, Universal, and Warner Bros. Discovery)
18 and own some of the world's most valuable copyrighted characters like Darth Vader,
19 Spider-Man, the Minions, Shrek, Superman, and Batman. The defendant in each case is
20 Midjourney, Inc. ("Midjourney") which owns and operates an artificial intelligence (AI)
21 image and video generation service, allowing Midjourney subscribers to submit a text
22 prompt and receive a downloadable, high-quality image or video in response. Specifically,
23 in response to simple prompts featuring one of the plaintiffs' copyrighted characters doing
24 any number of actions, the Midjourney service will generate, display, and make available
25 for download a high-quality image and video featuring the requested character doing the
26 requested action.

27 The Warner Bros. Discovery Action and this action consist of nearly identical causes
28 of action. Each of the movie studio plaintiffs allege that Midjourney, through its image and

video generation service, directly infringes plaintiffs' copyrighted characters and works.[1] Plaintiffs in both lawsuits further allege, in the alternative, that if Midjourney is not liable for direct copyright infringement, it is at least liable for secondary copyright infringement.

Accordingly, both cases will require the Court to adjudicate the same or substantially related or similar questions of law and, if necessary, will require a jury to determine virtually identical fact issues concerning Midjourney's service and conduct, including without limitation: (i) whether Midjourney's image and video service directly infringes plaintiffs' copyrighted works and characters; (ii) whether Midjourney's anticipated defense of fair use is viable and excuses its copyright infringement; (iii) whether, in the alternative, Midjourney is liable for secondary copyright infringement; and (iv) whether Midjourney has willfully infringed plaintiffs' copyrights. Allowing these cases to proceed separately and without being related would necessarily result in "substantial duplication of labor if heard by different judges" (L.R. 83-1.3.1 (c)), as well as duplicative testimony from witnesses and duplicative briefing by the parties.

Additionally, if the cases are not related (and, ideally, consolidated), there is a risk of potentially conflicting rulings on legal and/or factual disputes.

For the foregoing reasons, the Court should designate this action as related to the Warner Bros. Discovery Action pursuant to Local Rule 83-1.3.1.

Dated: September 5, 2025        JENNER & BLOCK LLP

By: _____/s/ *Julie A. Shepard*_____
David R. Singer
Julie A. Shepard
Lauren M. Greene

Attorneys for Plaintiffs

---

[1] *See* Dkt. No. 1 at ¶¶ 201–235; *Warner Bros. Entertainment Inc., et al v. Midjourney, Inc.*, Case No. 2:25-cv-08376, Dkt. No. 1 at ¶¶ 153–187.