# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC., et al.;<br>WARNER BROS. ENTERTAINMENT,<br>INC., et al.,<br><br>               Plaintiffs,<br><br>   v.<br><br>MIDJOURNEY, INC.,<br><br>              Defendant.<br><br>**ALL CASES** | Lead Case No. 2:25-cv-05275-JAK<br>(AJRx)<br><br><br>~~[PROPOSED]~~ **STIPULATED PROTECTIVE ORDER** |

## 1. GENERAL

1.1    Purposes and Limitations.  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. However, the parties agree that all Discovery Material shall be used by the parties only for the purpose of conducting this litigation, including any appellate proceedings, and not by anyone else or for any other purpose. The parties further acknowledge, as set forth in Section 13.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2    Good Cause Statement.

This action involves Defendant's alleged infringement of Plaintiffs' copyrighted works in connection with training its generative artificial intelligence (AI) image and video service ("Defendant's Service") and creation of images and videos through Defendant's Service.  Discovery in this litigation may include the development, training, operation, outputs, policies, business plans, contractual arrangements and revenues of Defendant and its AI Service, some of which Defendant considers and treats as confidential and/or proprietary.  Likewise, discovery may include information about Plaintiffs' business plans and contractual arrangements, as well as harms Plaintiffs allege are caused by Defendants' Service, some of which Plaintiff considers and treats as confidential and/or proprietary.  Discovery into the foregoing types of information warrants protection from public disclosure and from use for any purpose other than prosecution of this action.  Such

confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as Confidential, Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.  DEFINITIONS

2.1    Actions:  the following consolidated pending federal lawsuits; lead action, *Disney Enterprises, Inc. et al. v. Midjourney Inc.*, 2:25-cv-05275-JAK-AJR, and the consolidated action, *Warner Bros. Entertainment Inc. et al. v. Midjourney Inc.*, 2:25-cv-08376-JAK-E.

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive information or items representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  It is Plaintiffs position that not all source code produced in this Action will require this designation.  Plaintiffs expressly reserve the right to challenge whether source code produced in this Action should be designated as HIGHLY CONFIDENTIAL – SOURCE CODE.

2.11    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

[PROPOSED] STIPULATED PROTECTIVE ORDER

2.12   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.  For the avoidance of doubt, separate firms or solo practitioners cannot be Counsel of Record unless they formally appear in the case.

2.14   Party:   any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.16   Professional Vendors:   persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.18   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

[PROPOSED] STIPULATED PROTECTIVE ORDER

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

## 5. DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" (hereinafter "CONFIDENTIAL legend," "HIGHLY CONFIDENTIAL legend," or "HIGHLY CONFIDENTIAL – SOURCE CODE legend"), to each page of each document that contains protected material, or, in the case of an electronic document that is produced in native form or is impracticable to produce in a form with the affixed legend, by placing the legend on a placeholder document bearing the document's production number or by placing the designation in the file name of the native file.  If only a portion or portions of the material on a page qualifies for protection, to the extent practical the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend," or

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

"HIGHLY CONFIDENTIAL – SOURCE CODE legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, to the extent practical the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, or in writing within 21 days following receipt of the final transcript. During the 21 day period for designation, the Parties shall treat any transcript that was not designated on the record as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in its entirety. After the expiration of that period or such earlier time that such transcript is designated, the transcript will be treated only as actually designated.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information warrants protection, to the extent practical the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

In the event that a Producing Party fails to designate Protected Material, the Producing Party shall give written notice of such production (the "Re-Designation Production Notice") and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation. Upon receipt of a Re-Designation Production Notice and properly labeled Protected Material, the Receiving Party shall

[PROPOSED] STIPULATED PROTECTIVE ORDER

promptly destroy the original produced Protected Material and all copies thereof or return such together with all copies of such Protected Material to counsel for the Producing Party. Should the Receiving Party choose to destroy such original produced Protected Material, the Receiving Party shall notify the Producing Party in writing of such destruction within thirty (30) calendar days of receipt of the Re-Designation Production Notice and properly labeled Protected Material.

**6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq.* and Judge Richlin's Judge's Procedures.  Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3    Burden.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.  ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action

only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record, and Professional Vendors engaged via said Outside Counsel of Record or via the Receiving Party, to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and, as to Non-Parties, attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the

[PROPOSED] STIPULATED PROTECTIVE ORDER

deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record, and Professional Vendors engaged via said Outside Counsel of Record or via the Receiving Party, to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party (i) to whom disclosure is reasonably necessary for this Action, (ii) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (iii) as to whom the procedures set forth in Section 7.4, below, have been followed;

(c)  the Court and its personnel;

(d)  court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

[PROPOSED] STIPULATED PROTECTIVE ORDER

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding four years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[PROPOSED] STIPULATED PROTECTIVE ORDER

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within ten (10) calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) calendar days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may follow the dispute resolution process set forth in Magistrate Judge Richlin's Judge's Procedures.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8. SOURCE CODE

(a) To the extent the production of source code becomes necessary in this case, a Producing Party may designate the source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if (i) it comprises or includes confidential, proprietary or trade secret source code and (ii) the Producing Party has a good faith belief that the protections and restrictions associated with the "HIGHLY CONFIDENTIAL – SOURCE CODE" designation are necessary.

(b) Any source code produced in discovery and designated "HIGHLY CONFIDENTIAL – SOURCE CODE" be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Sections 7.3 and 7.4.

(c) Any source code produced in discovery and designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be made available for inspection, in a format

[PROPOSED] STIPULATED PROTECTIVE ORDER

allowing it to be reasonably reviewed and searched, during normal business hours (9:00 am to 6:00 pm local time) or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.[2]  Such inspection shall occur upon reasonable notice to the Producing Party, which must not be less than two (2) business days in advance of the requested inspection.

(1) The source code shall be made available for inspection on at least two standalone secured computers (each a "Source Code Computer") in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  Each Source Code Computer shall have the source code loaded onto a drive having sufficient space and permissions so that the reviewer may copy selections of source code to a new part of the same drive.  Each standalone Source Code Computer should be connected to an external monitor, an external keyboard, and an external mouse.  The hardware specifications of each Source Code Computer will be sufficient for using the source code review tools utilized in this case. All hardware components of each Source Code Computer and any attached peripherals should be fully functional and in good repair, except for any functionality that is intentionally disabled for security reasons as provided herein. The Producing Party shall install the following source code review tools, or their functional equivalents, on each Source Code Computer, provided that the Receiving Party has furnished any necessary software licenses: VS Code, with an extension to enable printing to PDF; Notepad++; Cygwin; PowerGrep; and Beyond Compare.  The Receiving Party may request installation of additional specific software utilities to conduct the source code inspection and analysis in this case on the Source Code Computers, provided that (1) the Receiving Party furnish any necessary software licenses to do so; (2) the Producing Party approves such software tools (which approval may not be

---

[2] To the extent that Defendant Midjourney, Inc. is the Producing Party, its source code will be made available for inspection at Cooley LLP's offices located at 3175 Hanover St, Palo Alto, CA 94304, or another mutually agreed upon location.

[PROPOSED] STIPULATED PROTECTIVE ORDER

unreasonably withheld); and (3) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. To allow the Producing Party reasonable time to prepare the Source Code Computers, the Receiving Party must provide the Producing Party the computer medium (e.g., USB drive, FTP, or web address) containing the requested software utilities and/or required licenses at least ten (10) days in advance of the first inspection in which the software is requested to be on the Source Code Computers. The Producing Party will install and confirm installation of said software on the Source Code Computers as soon as practicable prior to the inspection. The software will be maintained on the Source Code Computers for the remainder of this litigation or until the Receiving Party notifies the Producing Party in writing that the software is no longer needed."

(2)  Each Source Code Computer shall include in the complete set of source code that the Producing Party agreed to produce made available for review in a text-searchable file format,  and, to the extent practicable, as it is kept within the native source code revision system (e.g., Git), including all revision history, in the ordinary course of business.  The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computers in order to access the produced Source Code Material on the Source Code Computers.

(3) The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review from outside of the room housing the Source Code Computer, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(4)  The hosting facility shall provide a secure location separate from but in close proximity to the room housing the Source Code Computer to store personal electronic devices, which location shall have telephone and internet access. The Receiving Party's representatives shall be permitted to access the internet and use a personal cell phone in that room.

(5)  The Receiving Party may request paper copies of limited portions of source

[PROPOSED] STIPULATED PROTECTIVE ORDER

code designated "HIGHLY CONFIDENTIAL – SOURCE CODE" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code designated "HIGHLY CONFIDENTIAL – SOURCE CODE" in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(6) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code designated "HIGHLY CONFIDENTIAL – SOURCE CODE" in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code designated "HIGHLY CONFIDENTIAL – SOURCE CODE" in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies of source code designated "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies of source code designated "HIGHLY CONFIDENTIAL – SOURCE CODE" used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(7) Each of the Requesting Party's reviewers shall be entitled to use one air-gapped computer within the secure inspection room for the purpose of taking notes and accessing reference material. No other recordable media or recordable devices, including,

15

[PROPOSED] STIPULATED PROTECTIVE ORDER

without limitation, sound recorders, computers, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, will be permitted into the Source Code review room. Cellular telephones may be permitted into the Source Code review room, but they must be powered off before entering.

(8) The Receiving Party's Outside Counsel and/or experts/consultants will be entitled to take notes relating to the Source Code, including but not limited to file names, file paths, and identifiers, but may not copy the Source Code into the notes. For avoidance of doubt, the Receiving Party may take these notes with them out of the room containing the Source Code and transfer their contents to electronic form (e.g., by scanning or typing). The Producing Party shall not review the substance of any reviewer's notes at any time.

## 9.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating

16
[PROPOSED] STIPULATED PROTECTIVE ORDER

Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any

information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

(a)   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (i) notify in writing the Designating Party of the unauthorized disclosures, (ii) use its best efforts to retrieve all unauthorized copies of the Protected Material, (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (iv) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

(b)   To the extent that Protected Material is lost or is the subject of an actual or suspected security breach, the Receiving Party shall (i) provide written notice to the Designating Party of such loss or breach; (ii) investigate and make reasonable efforts to remediate the effects of the loss or breach, and provide the Designating Party with assurances reasonably satisfactory to Designating Party that such loss or breach will not reoccur; and (iii) provide sufficient information about the loss or breach that the Designating Party can reasonably ascertain the size and scope of the loss or breach. The Receiving Party agrees to cooperate, to the extent reasonably practicable, with the Designating Party in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to resolve the security breach.

**12.   PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502(d), the production of any privileged or otherwise protected or exempted information in this case shall not be deemed a waiver or impairment of any claim of privilege or protection in this case or in any other federal or

state proceeding or proceeding in another forum, arbitral or otherwise, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, statutory privileges and protections, or the subject matter thereof, as to the produced document and any related material. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and shall supersede the tripartite non-waiver elements of Rule 502(b).

(a) This Order will not serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged information before production.

(b) Federal Rule of Civil Procedure 26(b)(5)(B) governs the proper procedure for the notification and return of privileged information when identified by the Producing Party.

**13.    MISCELLANEOUS**

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.4    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such

[PROPOSED] STIPULATED PROTECTIVE ORDER

Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

Without the consent of the Producing Party, HIGHLY CONFIDENTIAL - SOURCE CODE materials shall not leave the territorial boundaries of the United States of America except when reasonably necessary for international depositions.

**14.    FINAL DISPOSITION**

After the final disposition of this Action, as defined within Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must, at the Receiving Party's election, return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Counsel are not required to search their email and disaster recovery systems to comply with this paragraph.  Any retained archival or remaining copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

[PROPOSED] STIPULATED PROTECTIVE ORDER

## 15.   **VIOLATION OF ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  February 11, 2026

 */s/ Lauren Greene*
Attorneys for Plaintiff(s)

DATED: February 11, 2026

 */s/ Bobby Ghajar*
Attorneys for Defendant(s)

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 2/12/2026

HON. A. JOEL RICHLIN
United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [**date**] in the case of *Disney Enterprises, Inc., Universal City Studios Productions LLLP, et al., v. Midjourney, Inc.*, C.D. Cal. Case No. 2:25-cv-05275-JAK-AJR.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

22
[PROPOSED] STIPULATED PROTECTIVE ORDER