## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05275-JAK-AJR | Date | March 13, 2026 |
| --- | --- | --- | --- |
| Title | Disney Enterprises, Inc., et al. v. Midjourney Inc. | | |

| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |
| --- | --- |

| Ashley Silva-Elder | C/S 03/12/2026 |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
| --- | --- |
| David R. Singer | Stephanie J. Schuyler |
| Kara V. Brandeisky | Bobby A. Ghajar |
| Zachary A. Marino | John Paul Oleksiuk |
| Julie A. Shepard | Judd David Lauter |
| Lauren Michelle Greene | |

**Proceedings:**    **MINUTES OF INFORMAL DISCOVERY CONFERENCE
AND ORDER SCHEDULING FURTHER INFORMAL
DISCOVERY CONFERENCE**

On March 12, 2026, the Court held an informal discovery conference by Zoom to discuss certain discovery disputes.  The parties submitted by email a detailed written submission providing an overview of the issues and their respective positions.  The parties also presented oral argument at the hearing.  Based on the discussion with the parties, the Court directed as follows:

**Plaintiffs' Discovery Requests to Defendant:**

- **Midjourney Subscriber Prompts and Outputs [Request for Production ("RFP"") Nos. 43-45]:**  The parties have reached agreement for Midjourney to produce public prompts and outputs and the remaining dispute relates only to private prompts and outputs (*i.e.*, "stealth mode").  As it relates to the private prompts and outputs, Midjourney agreed to apply the same search terms to private user prompts that it is applying to public user prompts in order to collect and produce data showing the volume of user prompts that hit on each search term.  The data will be important for the Court's consideration of potential burden and proportionality arguments.  The parties should then meet and confer in an attempt to reach informal resolution.  If this is not successful, then the parties can raise this issue at a future informal discovery conference.

- **Documents Concerning Midjourney 3D Model Development [RFP No. 59]:**  Midjourney has agreed to produce responsive documents insofar as they

CV-90 (10/08)                    **CIVIL MINUTES - GENERAL**                    Page 1 of 4

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05275-JAK-AJR | Date | March 13, 2026 |
|---|---|---|---|
| Title | Disney Enterprises, Inc., et al. v. Midjourney Inc. | | |

refer to Plaintiffs' asserted works.  Otherwise, Midjourney has refused to search for and produce documents based on proportionality and relevance grounds. Plaintiffs want to know if Midjourney's 3D model development plans include the use of Plaintiffs' intellectual property.  Therefore, the Court directed Plaintiffs to begin by simply asking this question through targeted interrogatories, as opposed to asking Midjourney to produce documents sufficient to show the business plans even if they do not reference Plaintiffs' works in an effort to see if Midjourney intends to use Plaintiffs' intellectual property.  After those interrogatories have been responded to, Plaintiffs can raise this issue with the Court again if still necessary.  Midjourney will proceed with its agreed upon production in the meantime.

-   **Requests for Admission ("RFA") Concerning Authorization [RFA Nos. 13 & 15]:**  These requests ask Midjourney to admit that it did not have authorization from Plaintiffs to use Plaintiffs' works to train their AI models. Midjourney responded that it currently lacked sufficient information to admit or deny the requests.  Midjourney also objected that the requests were vague and ambiguous as to certain defined terms and because the requests are compound. The Court rejected both objections.  As an initial matter, a party responding to an RFA has an obligation to provide a response in good faith based upon the information currently known, even if the party anticipates learning additional information in the future that may necessitate a supplemental response.  See Fed. R. Civ. P. 36(a)(4).  Moreover, a party responding to an RFA also has an obligation to reasonably interpret the request in good faith and attempt to craft a meaningful response.  See, e.g., Tye v. Cnty. of Orange, 2025 WL 1420109, at *9 (C.D. Cal. Apr. 3, 2025) ("Defendants should use their best efforts to reasonably interpret all of the RFAs. Any assumptions they make about the meaning of ambiguous terms can be clarified in their response.")  Midjourney provided a cogent overview of its actual response to these RFAs in its written submission.  There is no reason that Midjourney cannot provide a similarly meaningful response in writing and under oath.  The Court directed Midjourney to serve supplemental responses to these RFAs no later than **March 20, 2026**.

**Defendant's Discovery Requests to Plaintiffs:**  As to nearly all of the discovery requests at issue below, Plaintiffs have agreed to provide at least some response and will move forward with their response as offered.  However, Midjourney contends that it is entitled to broader responses.  The Court sets forth below the current agreement of the parties.  The Court also set a briefing schedule for Midjourney to file a motion to compel no

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05275-JAK-AJR | Date | March 13, 2026 |
|---|---|---|---|
| Title | Disney Enterprises, Inc., et al. v. Midjourney Inc. | | |

later than **March 27, 2026**.  Plaintiffs will then have until **April 10, 2026** to file an opposition.  The Court will then take the motion under submission without a hearing unless a hearing is specifically requested or the Court has questions.  See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

- **Requests for Production Concerning Plaintiffs' Gen AI Use [RFP Nos. 8, 10, 23-24]:**  For RFP No. 8, Plaintiffs agreed to search for and produce "non-privileged documents sufficient to show Plaintiffs' approval of the use of generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works."  Midjourney's concern is the limitation to output intended for consumers.  For RFP No. 10, Plaintiffs agreed to search for and produce "documents regarding their employees' use of Midjourney for work and documents sufficient to show Plaintiffs' use of generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works."  Midjourney's concern is the limitation to output intended for consumers and the limitation to Plaintiffs' asserted works.  For RFP Nos. 23 and 24, Plaintiffs agreed to produce "documents sufficient to show instances in which [Plaintiffs] authorized its employees or contractors to use generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works."  Midjourney's concern is the limitation to output intended for consumers.

- **Requests for Production Concerning Plaintiffs' Gen AI Development [RFP Nos. 12, 13, 25]:**  For RFP No. 12, Plaintiffs agreed to produce "documents that are in Plaintiffs' possession, custody, or control, and that are located after a reasonable search, sufficient to show all business plans, roadmaps, research reports, or other studies concerning Plaintiffs' actual or proposed development or training of any generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works." Plaintiffs refused to produce documents concerning development of image and video gen AI tools except to the extent that they are "intended for consumers" and "feature the asserted works."  For RFP No. 13, Plaintiffs agreed to produce "documents regarding their employees' use of Midjourney for work and documents sufficient to show Plaintiffs' use of generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works."  Plaintiffs refused to produce documents concerning development of image and video gen AI tools except to the extent that they are "intended for consumers" and "feature the asserted works."  For RFP No. 25, Plaintiffs refused to produce any documents despite Midjourney's agreement to narrow this request to documents sufficient to show

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05275-JAK-AJR | Date | March 13, 2026 |
|---|---|---|---|
| Title | Disney Enterprises, Inc., et al. v. Midjourney Inc. | | |

third-party datasets acquired or downloaded by Plaintiffs for the purpose of training or developing generative AI models.

- **Requests for Production Concerning Plaintiffs' Gen AI Policies [RFP Nos. 14, 21]:**  For RFP No. 14, Plaintiffs agreed to produce "non-privileged documents that are in Plaintiffs' possession, custody, or control, and that are located after a reasonable search, reflecting statements by Plaintiffs' corporate officers made on Plaintiffs' behalf concerning Plaintiffs' policy towards, use of, or development of generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works."  For RFP No. 21, Plaintiffs agreed to produce "documents that are in Plaintiffs' possession, custody, or control, and that are located after a reasonable search, sufficient to show Board of Directors minutes, presentations, or executive-level briefings, if any, concerning Midjourney."

- **Requests for Production Concerning Plaintiffs' Use of Midjourney in Connection with Preparing the Complaint [RFP No. 16]:**  For RFP No. 16, Plaintiffs' agreed to produce prompts and outputs that are incorporated in the complaints, but refused to produce other prompts and outputs that were created as a part of the same process of creating images for the complaints.  The Court encouraged Midjourney to reconsider this request or meet and confer with Plaintiffs about different requests that do not raise the same concerns for work-product protection that this request does.

<u>**Next Steps:**</u>  The Court scheduled a further informal discovery conference by video for **April 7, 2026 at 1:30 p.m.**  The Courtroom Deputy Clerk will circulate a link to the parties to join the hearing by Zoom.  The parties are directed to provide a joint status update by email no later than **April 3, 2026**.  The update shall provide an overview of any issue in dispute that is ripe for consideration by the Court, along with any relevant document such as the discovery response at issue.  To the extent there is no issue ripe for review, the parties can request that the hearing be either vacated or continued.

IT IS SO ORDERED.

<u>1:40</u>