COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
ELLIE DUPLER (337607)
(edupler@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401-4100
Telephone:   (310) 883-6400
Facsimile:   (310) 883-6500

JOHN PAUL OLEKSIUK (283396)
(jpo@cooley.com)
STEPHANIE SCHUYLER (*Pro Hac Vice*)
(sschuyler@cooley.com)
55 Hudson Yards
New York, NY 10001-2157
Telephone:   (212) 479-6000
Facsimile:   (212) 479-6275

JUDD D. LAUTER (290945)
jlauter@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

*Counsel for Defendant Midjourney, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC., et al.; WARNER BROS. ENTERTAINMENT, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MIDJOURNEY, INC., <br><br> Defendant. <br><br> ALL CASES | Lead Case No. 2:25-cv-05275-JAK (AJRx) <br><br> **DISCOVERY MATTER** <br><br> **[PROPOSED] ORDER GRANTING DEFENDANT MIDJOURNEY'S MOTION TO COMPEL RESPONSES** <br><br> Date:    April 27, 2026 <br> Time:    1:30 p.m. <br> Court:   Courtroom 780 <br> Judge:   Honorable A. Joel Richlin <br><br> Date Action Filed:  June 11, 2025 |

HAVING CONSIDERED Defendant Midjourney, Inc.'s ("Midjourney") Motion to Compel Documents ("Motion to Compel") responsive to requests propounded on Plaintiffs Disney Enterprises, Inc. ("Disney"), Universal City Studios LLC ("Universal"), and their affiliates as well as Warner Brothers Entertainment, Inc. ("Warner") and its affiliates (collectively, "Plaintiffs"), and the Plaintiffs' Opposition, if any, filed in response to the Motion to Compel, the Court hereby **GRANTS** the Motion to Compel and **ORDERS** the following:

### Use of Image-Generating AI (RFP Nos. 8, 10, 23-24)

1. In response to **RFP No. 8**, which sought "all documents and communications concerning any instances in which [Plaintiffs] approved the use of generative AI tools other than Midjourney's by [their] employees or contractors in connection with the creation, marketing, or exploitation of any motion picture, television episode, trailer, poster, consumer product, or other derivative of the asserted works," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limitation to documents regarding image and video outputs "intended for consumers featuring asserted works."**

2. In response to **RFP No. 10**, which sought "all documents sufficient to show any generative AI tool tested or evaluated by [Plaintiffs] for use by [their] employees or contractors, including, but not limited to, vendor contracts, NDAs, statements of work, or research reports or analyses," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limitation to documents regarding image and video outputs "intended for consumers featuring asserted works."**

3. In response to **RFP No. 23**, which sought "all documents concerning any instances in which any of [Plaintiffs'] contractors or visual effects partners used generative AI tools other than Midjourney's in connection with the creation, marketing, or exploitation of any motion picture, television episode, trailer, poster,

consumer product, or other derivative of the asserted works," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limitation to documents regarding image and video outputs "intended for consumers featuring asserted works."**

4.     In response to **RFP No. 24**, which sought "all documents concerning any instances in which any of [Plaintiffs'] employees or contractors used generative AI tools other than Midjourney in connection with the creation, marketing, or exploitation of any motion picture, television episode, trailer, poster, consumer product, or other derivative of the asserted works," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limitation to documents regarding image and video outputs "intended for consumers featuring asserted works."**

**Training and Development of Plaintiffs' Own AI Models (RFP Nos. 12, 13, 25)**

5.     In response to **RFP No. 12**, which sought "documents sufficient to show all business plans, roadmaps, research reports, or other studies concerning [Plaintiffs'] actual or proposed development or training of any generative AI tool," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limitation to documents regarding image and video outputs "intended for consumers featuring asserted works."**

6.     In response to **RFP No. 13**, which sought "documents sufficient to show [Plaintiffs'] development, training, or contemplated development or training of any generative AI tool, including training datasets, data sources, or model weights," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limitation to documents regarding image and video outputs "intended for consumers featuring asserted works."**

7.     In response to **RFP No. 25**, which sought "all documents concerning any third-party datasets that [Plaintiffs'] have acquired or downloaded for use in connection with any AI tool, including but not limited to generative AI tools ," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limitation.**

### Policies About Generative AI (RFP Nos. 14, 21)

8.     In response to **RFP No. 14**, which sought "all documents and communications reflecting statements by [Plaintiffs'] corporate officers concerning [Plaintiffs'] policy towards, use of, or development of generative AI tools," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limitation to documents regarding image and video outputs "intended for consumers featuring asserted works."**

9.     In response to **RFP No. 21**, which sought "documents sufficient to show all Board of Directors minutes, presentations, or executive-level briefings concerning generative AI tools," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search.**

### Prompts and Corresponding Outputs that Plaintiffs or Their Agents Submitted to Midjourney that Were Not Featured in the Complaints (RFP No. 16)

10.     In response to **RFP No. 16**, which sought "documents sufficient to identify the prompts used to create purported 'Midjourney' image(s) shown in the Complaint, and all other prompts submitted by [Plaintiffs'] or other person(s) to Midjourney in connection with attempts to generate each image shown in the Complaint (including prompts that resulted in images not shown in the Complaint), and all outputs generated in response to such prompts," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search.**

Plaintiffs are ordered to produce documents responsive to the above Requests within 30 days.

**IT IS SO ORDERED.**

Date:_____                    _____
                                                            Hon. A. Joel Richlin
                                                   United States Magistrate Judge