# Exhibit 1

Exhibit 1
Page 3

**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Lauren M. Greene (SBN 271397)
lgreene@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: (213) 239-5100
Facsimile:  (213) 239-5199

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC., UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, et al.; WARNER BROS. ENTERTAINMENT INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MIDJOURNEY, INC., <br><br> Defendant. <br><br> DISNEY / UNIVERSAL CASE | Lead Case No. 2:25-cv-05275-JAK (AJRx) <br><br> **PLAINTIFFS DISNEY ENTERPRISES, INC., MARVEL CHARACTERS, INC., MVL FILM FINANCE LLC, LUCASFILM LTD. LLC, AND TWENTIETH CENTURY FOX FILM CORPORATION'S OBJECTIONS AND RESPONSES TO DEFENDANT MIDJOURNEY, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION** <br><br> Complaint Filed: June 11, 2025 |

DISNEY'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 2:25-cv-05275-JAK-AJR

Exhibit 1
Page 4

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any instances in which YOU approved the use of GENERATIVE AI TOOLS other than Midjourney's by YOUR EMPLOYEES or CONTRACTORS in connection with the creation, marketing, or exploitation of any motion picture, television episode, trailer, poster, consumer product, or other derivative of the ASSERTED WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Disney objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. The mere use of generative AI other than Midjourney's is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Disney further objects that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or video, such as LLMs that are not at issue in this litigation. Disney further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving the foregoing objections, Disney will produce non-privileged documents sufficient to show Disney's approval of the use of generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any of YOUR EMPLOYEES or CONTRACTORS uploading, submitting, linking to, or otherwise providing any ASSERTED WORK (in whole or in part) or any works containing the characters shown in the ASSERTED WORKS (in whole or in part) to Midjourney or any

9

Exhibit 1
Page 5

other GENERATIVE AI TOOL. YOUR response should include, but not be limited to, the use by the individuals with the email accounts shown in the attached Exhibit A.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Disney objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. The mere use of other generative AI is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Disney further objects to this request because it seeks information irrelevant to the claims and defenses in this case, including to the extent the request seeks information concerning uses of Midjourney that Disney did not authorize. Disney further objects that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or video, such as LLMs that are not at issue in this litigation. Disney further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving the foregoing objections, Disney will produce non-privileged document sufficient to show any instances, if any, where the individuals previously identified by Midjourney in Exhibit A provided any asserted works to Midjourney, for a purpose other than to investigate Midjourney's infringement in anticipation of this litigation, and documents sufficient to show any instance where Disney licensed or authorized the use of any generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works, which are in Disney's possession, custody, or control, and that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show any GENERATIVE AI TOOL tested or evaluated by YOU for use by YOUR EMPLOYEES or CONTRACTORS, including, but

Exhibit 1
Page 6

not limited to, vendor contracts, NDAs, statements of work, or research reports or analyses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Disney objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. The mere use of other generative AI is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Disney further objects that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or video, such as LLMs that are not at issue in this litigation. Disney further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR awareness of and/or objection to the ability of users of other GENERATIVE AI TOOLS, including specifically for purposes of this Request, Sora and Veo, to generate images or video featuring one or more of YOUR ASSERTED WORKS, including but not limited to YOUR COMMUNICATIONS with the owners or operators of any such GENERATIVE AI TOOL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Disney objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. The mere use and/or third-party use of other generative AI is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Disney further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover pre-filing

Exhibit 1
Page 7

investigation, privileged communications, and attorney notes, thoughts, advice, impressions, or opinions.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS sufficient to show all business plans, roadmaps, research reports, or other studies CONCERNING YOUR actual or proposed development or training of any GENERATIVE AI TOOL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Disney objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. The mere use of other generative AI is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Disney objects that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or video, such as LLM technologies that are not at issue in this litigation. Disney further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving the foregoing objections, and subject to the entry of an appropriate protective order, Disney will produce non-privileged documents that are in Disney's possession, custody, or control, and that are located after a reasonable search, sufficient to show all business plans, roadmaps, research reports, or other studies concerning Disney's actual or proposed development or training of any generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS sufficient to show YOUR development, training, or contemplated development or training of any GENERATIVE AI TOOL, including training datasets, data sources, or model weights.

DISNEY'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 2:25-cv-05275-JAK-AJR

Exhibit 1
Page 8

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Disney objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case.  The mere use of other generative AI is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Disney objects that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or video, such as LLM technologies that are not at issue in this litigation. Disney further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS REFLECTING statements by YOUR corporate officers CONCERNING YOUR policy towards, use of, or development of GENERATIVE AI TOOLS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Disney objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case.  Disney objects that this request seeks irrelevant information, to the extent the request includes statements not made on behalf of Disney, and as such, the request is overbroad and not proportional to the needs of the litigation.  Disney further objects that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or video, such as LLM technologies that are not at issue in this litigation. Disney further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

DISNEY'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 2:25-cv-05275-JAK-AJR

Exhibit 1
Page 9

Subject to and without waiving the foregoing objections, Disney will produce non-privileged documents that are in Disney's possession, custody, or control, and that are located after a reasonable search, reflecting statements by Disney's corporate officers made on Disney's behalf concerning Disney's policy towards, use of, or development of generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS sufficient to identify the PERSON(S) who generated the purported "Midjourney" image(s) shown in the COMPLAINT, including but not limited to their name and the email address associated with the Midjourney account used to create the image.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Disney objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. Disney objects to the request for the email addresses for the person(s) who generated the Midjourney image(s) shown in the complaint as irrelevant because any such fact witnesses can be contacted through Disney's counsel. Disney further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover pre-filing investigation, privileged communications, and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving the foregoing objections, Disney refers Midjourney to its Rule 26 Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS sufficient to identify the PROMPTS used to create the purported "Midjourney" image(s) shown in the COMPLAINT, and all other PROMPTS submitted by YOU or other PERSON(S) to Midjourney in connection with attempts to generate each image shown in the COMPLAINT (including PROMPTS

14

Exhibit 1
Page 10

that resulted in images not shown in the COMPLAINT), and all OUTPUTS generated in response to such PROMPTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Disney objects that the request for prompts that resulted in images not shown in the complaint seeks documents protected from disclosure by the work product doctrine. Disney further objects to this request as overbroad and seeking information that is irrelevant to the claims and defenses in this case including to the extent that it seeks information about any outputs that have not been put at issue.

Subject to and without waiving the foregoing objections, Disney will produce documents sufficient to identify the prompts used to create the image generated by Midjourney shown in the complaint and put at issue in this action, and the side-by-side outputs contemporaneously generated in response to such prompts.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to identify YOUR EMPLOYEES or CONTRACTORS who utilize GENERATIVE AI TOOLS in the course of their work for YOU, including but not limited to their name, the PROMPT(S) they have used to generate such images, and all OUTPUTS generated in response to such PROMPT(S).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Disney objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. The mere use of other generative AI is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Disney further objects to this request to the extent it seeks information protected from disclosure by the work-product doctrine.

Subject to and without waiving the foregoing objections, construing generative AI to mean only Midjourney, and construing "in the course of their work" to exclude work on this litigation, Disney will produce non-privileged documents that are in Disney's possession, custody, or control, and that are located after a reasonable search, sufficient to identify its employees or contractors who use Midjourney in the course of their work.

15

Exhibit 1
Page 11

investigation, privileged communications, and attorney notes, thoughts, advice, impressions, or opinions.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to show all take-down requests, DMCA notices, or cease-and-desist letters sent by YOU CONCERNING GENERATIVE AI TOOLS between January 1, 2022 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Disney objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. The mere use of other generative AI is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation.

Subject to and without waiving the foregoing objections, Disney will produce the cease-and-desist letter sent to Midjourney.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to show all Board of Directors minutes, presentations, or executive-level briefings CONCERNING GENERATIVE AI TOOLS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Disney objects to this request as overbroad and not proportional to the needs of the litigation because Board of Directors minutes, presentations, or executive-level briefings concerning generative AI other than Midjourney's are irrelevant to the claims and defenses in this case. Disney further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover pre-filing investigation, privileged communications, and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving the foregoing objections, Disney will produce non-privileged documents that are in Disney's possession, custody, or control, and that are located after a reasonable search, sufficient to show Board of Directors minutes, presentations, or executive-level briefings, if any, concerning Midjourney.

**REQUEST FOR PRODUCTION NO. 22:**

To the extent not provided in response to the above Requests, produce all DOCUMENTS CONCERNING any instances in which any of YOUR CONTRACTORS used Midjourney's GENERATIVE AI TOOL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Disney objects to this request because it seeks information irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation, including to the extent the request seeks information concerning uses of Midjourney that Disney did not authorize and which do not feature the asserted works. Disney further objects that the definition of "CONTRACTOR" is vague, overbroad, not proportional to the needs of the Litigation, and imposes obligations greater than those imposed by Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Disney will produce documents sufficient to show any instances, if any, in which Disney authorized any of its contractors to use Midjourney, or individuals previously identified by Midjourney in Exhibit A used Midjourney, for a purpose other than to investigate Midjourney's infringement in anticipation of this litigation. Disney will construe "CONTRACTOR" to mean any person other than an employee whom Disney has retained to provide goods or services under terms defined by a contract between Disney and the contractor.

**REQUEST FOR PRODUCTION NO. 23:**

To the extent not provided in response to the above Requests, produce all DOCUMENTS CONCERNING any instances in which any of YOUR CONTRACTORS or visual effects partners used GENERATIVE AI TOOLS other than Midjourney's in connection with the creation, marketing, or exploitation of any motion picture, television episode, trailer, poster, consumer product, or other derivative of the ASSERTED WORKS.

DISNEY'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 2:25-cv-05275-JAK-AJR

Exhibit 1
Page 13

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Disney objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case.  The use of generative AI other than Midjourney's is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Disney further objects that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or video, such as LLM technologies that are not at issue in this litigation. Disney further objects that the definition of "CONTRACTOR" is vague, overbroad, not proportional to the needs of the litigation, and imposes obligations greater than those imposed by Federal Rules of Civil Procedure, and "visual effects partners" is vague and subsumed by "CONTRACTORS." Disney further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving the foregoing objections, Disney will produce non-privileged documents sufficient to show instances in which Disney authorized contractors to use generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works.  Disney will construe "CONTRACTOR" to mean any person other than an employee whom Disney has retained to provide goods or services under terms defined by a contract between Disney and the contractor.

**REQUEST FOR PRODUCTION NO. 24:**

To the extent not provided in response to the above Requests, produce all DOCUMENTS CONCERNING any instances in which any of YOUR EMPLOYEES or CONTRACTORS used GENERATIVE AI TOOLS other than Midjourney in connection with the creation, marketing, or exploitation of any motion picture, television episode, trailer, poster, consumer product, or other derivative of the ASSERTED WORKS.

DISNEY'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 2:25-cv-05275-JAK-AJR

Exhibit 1
Page 14

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Disney objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case.  The use of generative AI other than Midjourney's is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Disney further objects that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or video, such as LLM technologies that are not at issue in this litigation. Disney further objects that the definition of "CONTRACTOR" is vague, overbroad, not proportional to the needs of the Litigation, and imposes obligations greater than those imposed by Federal Rules of Civil Procedure, and "visual effects partners" is vague and subsumed by "CONTRACTORS." Disney further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving the foregoing objections, Disney will produce non-privileged documents sufficient to show instances in which Disney authorized its employees or contractors to use generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works.  Disney will construe "CONTRACTOR" to mean any person other than an employee whom Disney has retained to provide goods or services under terms defined by a contract between Disney and the contractor.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS CONCERNING any THIRD-PARTY datasets that YOU have acquired or downloaded for use in connection with any AI tool, including but not limited to GENERATIVE AI TOOLS.

20

Exhibit 1
Page 15

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Disney objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case.  Disney further objects to this request as overbroad and not proportional to the needs of the litigation because any acquisition by Disney of third-party datasets for use in connection with any AI is irrelevant to the claims and defenses in this case.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS CONCERNING YOUR use of a WEB CRAWLER to acquire or download multimedia content (e.g., text, video, audio, etc.) from the internet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Disney objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case.  Disney further objects to this request as overbroad and not proportional to the needs of the litigation because any use of a web crawler by Disney is irrelevant to the claims and defenses in this case.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS CONCERNING when and how YOU first became aware of the alleged infringement of YOUR ASSERTED WORKS by Midjourney.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Disney objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case.  Disney objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover pre-filing investigation, privileged communications, and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving the foregoing objection, Disney will produce non-privileged documents that are in Disney's possession, custody, or control, and that are located after a reasonable search, concerning when and how Disney first became aware of the infringement of its asserted works by Midjourney.

DISNEY'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 2:25-cv-05275-JAK-AJR

Exhibit 1
Page 16

Dated: November 14, 2025

JENNER & BLOCK LLP

By: _____
        David R. Singer
        Julie A. Shepard
        Lauren M. Greene

*Attorneys for Plaintiffs*

DISNEY'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 2:25-cv-05275-JAK-AJR

Exhibit 1
Page 17