# Exhibit 3

Exhibit 3
Page 33

**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Lauren M. Greene (SBN 271397)
lgreene@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone:  (213) 239-5100
Facsimile:  (213) 239-5199

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC., UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, et al.; WARNER BROS. ENTERTAINMENT INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MIDJOURNEY, INC., <br><br> Defendant. <br><br> WARNER BROS. CASE | Lead Case No. 2:25-cv-05275-JAK (AJRx) <br><br> Consolidated Case No. 2:25-cv-08376-JAK (Ex) <br><br> **PLAINTIFFS WARNER BROS. ENTERTAINMENT INC., DC COMICS, TURNER ENTERTAINMENT CO., HANNA-BARBERA PRODUCTIONS, INC., AND THE CARTOON NETWORK, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT MIDJOURNEY, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION** <br><br> Complaint Filed: September 4, 2025 |

Exhibit 3
Page 34

Bros.' possession, custody, and/or control, and can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any instances in which YOU approved the use of GENERATIVE AI TOOLS other than Midjourney's by YOUR EMPLOYEES or CONTRACTORS in connection with the creation, marketing, or exploitation of any motion picture, television episode, trailer, poster, consumer product, or other derivative of the ASSERTED WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Warner Bros. objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. The mere use of generative AI other than Midjourney's is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Warner Bros. further objects that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or video, such as LLMs that are not at issue in this litigation. Warner Bros. further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving the foregoing objections, Warner Bros. will produce non-privileged documents sufficient to show Warner Bros.' approval of the use of generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any of YOUR EMPLOYEES or CONTRACTORS uploading, submitting, linking to, or otherwise providing any ASSERTED WORK (in whole or in part) or any works containing the

9

WARNER BROS. ENTERTAINMENT INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  2:25-cv-08376-JAK

Exhibit 3
Page 35

characters shown in the ASSERTED WORKS (in whole or in part) to Midjourney or any other GENERATIVE AI TOOL. YOUR response should include, but not be limited to, the use by the individuals with the email accounts shown in the attached Exhibit A.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Warner Bros. objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. The mere use of other generative AI is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Warner Bros. further objects to this request because it seeks information irrelevant to the claims and defenses in this case, including to the extent the request seeks information concerning uses of Midjourney that Warner Bros. did not authorize. Warner Bros. further objects that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or video, such as LLMs that are not at issue in this litigation. Warner Bros. further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving the foregoing objections, Warner Bros. will produce non-privileged document sufficient to show any instances, if any, where the individuals previously identified by Midjourney in Exhibit A provided any asserted works to Midjourney, for a purpose other than to investigate Midjourney's infringement in anticipation of this litigation, and documents sufficient to show any instance where Warner Bros. licensed or authorized the use of any generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works, which are in Warner Bros.' possession, custody, or control, and that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show any GENERATIVE AI TOOL tested or evaluated by YOU for use by YOUR EMPLOYEES or CONTRACTORS, including, but

WARNER BROS. ENTERTAINMENT INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  2:25-cv-08376-JAK

Exhibit 3
Page 36

not limited to, vendor contracts, NDAs, statements of work, or research reports or analyses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Warner Bros. objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case.  The mere use of other generative AI is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Warner Bros. further objects that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or video, such as LLMs that are not at issue in this litigation. Warner Bros. further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR awareness of and/or objection to the ability of users of other GENERATIVE AI TOOLS, including specifically for purposes of this Request, Sora and Veo, to generate images or video featuring one or more of YOUR ASSERTED WORKS, including but not limited to YOUR COMMUNICATIONS with the owners or operators of any such GENERATIVE AI TOOL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Warner Bros. objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case.  The mere use and/or third-party use of other generative AI is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Warner Bros. further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover

WARNER BROS. ENTERTAINMENT INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  2:25-cv-08376-JAK

Exhibit 3
Page 37

pre-filing investigation, privileged communications, and attorney notes, thoughts, advice, impressions, or opinions.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS sufficient to show all business plans, roadmaps, research reports, or other studies CONCERNING YOUR actual or proposed development or training of any GENERATIVE AI TOOL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Warner Bros. objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. The mere use of other generative AI is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Warner Bros. objects that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or video, such as LLM technologies that are not at issue in this litigation. Warner Bros. further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving the foregoing objections, and subject to the entry of an appropriate protective order, Warner Bros. will produce non-privileged documents that are in Warner Bros.' possession, custody, or control, and that are located after a reasonable search, sufficient to show all business plans, roadmaps, research reports, or other studies concerning Warner Bros.' actual or proposed development or training of any generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works.

12

Exhibit 3
Page 38

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS sufficient to show YOUR development, training, or contemplated development or training of any GENERATIVE AI TOOL, including training datasets, data sources, or model weights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Warner Bros. objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. The mere use of other generative AI is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Warner Bros. objects that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or video, such as LLM technologies that are not at issue in this litigation. Warner Bros. further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS REFLECTING statements by YOUR corporate officers CONCERNING YOUR policy towards, use of, or development of GENERATIVE AI TOOLS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Warner Bros. objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. Warner Bros. objects that this request seeks irrelevant information, to the extent the request includes statements not made on behalf of Warner Bros., and as such, the request is overbroad and not proportional to the needs of the litigation. Warner Bros. further objects that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or

13

Exhibit 3
Page 39

video, such as LLM technologies that are not at issue in this litigation. Warner Bros. further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving the foregoing objections, Warner Bros. will produce non-privileged documents that are in Warner Bros.' possession, custody, or control, and that are located after a reasonable search, reflecting statements by Warner Bros.' corporate officers made on Warner Bros.' behalf concerning Warner Bros.' policy towards, use of, or development of generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS sufficient to identify the PERSON(S) who generated the purported "Midjourney" image(s) shown in the COMPLAINT, including but not limited to their name and the email address associated with the Midjourney account used to create the image.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Warner Bros. objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case.  Warner Bros. objects to the request for the email addresses for the person(s) who generated the Midjourney image(s) shown in the complaint as irrelevant because any such fact witnesses can be contacted through Warner Bros.' counsel. Warner Bros. further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover pre-filing investigation, privileged communications, and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving the foregoing objections, Warner Bros. refers Midjourney to its Rule 26 Initial Disclosures.

14

WARNER BROS. ENTERTAINMENT INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  2:25-cv-08376-JAK

Exhibit 3
Page 40

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS sufficient to identify the PROMPTS used to create the purported "Midjourney" image(s) shown in the COMPLAINT, and all other PROMPTS submitted by YOU or other PERSON(S) to Midjourney in connection with attempts to generate each image shown in the COMPLAINT (including PROMPTS that resulted in images not shown in the COMPLAINT), and all OUTPUTS generated in response to such PROMPTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Warner Bros. objects that the request for prompts that resulted in images not shown in the complaint seeks documents protected from disclosure by the work product doctrine. Warner Bros. further objects to this request as overbroad and seeking information that is irrelevant to the claims and defenses in this case including to the extent that it seeks information about any outputs that have not been put at issue.

Subject to and without waiving the foregoing objections, Warner Bros. will produce documents sufficient to identify the prompts used to create the image generated by Midjourney shown in the complaint and put at issue in this action, and the side-by-side outputs contemporaneously generated in response to such prompts.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to identify YOUR EMPLOYEES or CONTRACTORS who utilize GENERATIVE AI TOOLS in the course of their work for YOU, including but not limited to their name, the PROMPT(S) they have used to generate such images, and all OUTPUTS generated in response to such PROMPT(S).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Warner Bros. objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. The mere use of other generative AI is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Warner Bros. further objects to this request to the extent it seeks information protected from disclosure by the work-product doctrine.

15

WARNER BROS. ENTERTAINMENT INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  2:25-cv-08376-JAK

Exhibit 3
Page 41

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Warner Bros. objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. The mere use and/or third-party use of other generative AI is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Warner Bros. further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover pre-filing investigation, privileged communications, and attorney notes, thoughts, advice, impressions, or opinions.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to show all take-down requests, DMCA notices, or cease-and-desist letters sent by YOU CONCERNING GENERATIVE AI TOOLS between January 1, 2022 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Warner Bros. objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. The mere use of other generative AI is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation.

Subject to and without waiving the foregoing objections, Warner Bros. will produce the cease-and-desist letter sent to Midjourney.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to show all Board of Directors minutes, presentations, or executive-level briefings CONCERNING GENERATIVE AI TOOLS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Warner Bros. objects to this request as overbroad and not proportional to the needs of the litigation because Board of Directors minutes, presentations, or executive-level briefings concerning generative AI other than Midjourney's are irrelevant to the claims and defenses in this case. Warner Bros. further objects to this request to the extent it seeks

Exhibit 3
Page 42

information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover pre-filing investigation, privileged communications, and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving the foregoing objections, Warner Bros. will produce non-privileged documents that are in Warner Bros.' possession, custody, or control, and that are located after a reasonable search, sufficient to show Board of Directors minutes, presentations, or executive-level briefings, if any, concerning Midjourney.

**REQUEST FOR PRODUCTION NO. 22:**

To the extent not provided in response to the above Requests, produce all DOCUMENTS CONCERNING any instances in which any of YOUR CONTRACTORS used Midjourney's GENERATIVE AI TOOL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Warner Bros. objects to this request because it seeks information irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation, including to the extent the request seeks information concerning uses of Midjourney that Warner Bros. did not authorize and which do not feature the asserted works. Warner Bros. further objects that the definition of "CONTRACTOR" is vague, overbroad, not proportional to the needs of the Litigation, and imposes obligations greater than those imposed by Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Warner Bros. will produce documents sufficient to show any instances, if any, in which Warner Bros. authorized any of its contractors to use Midjourney, or individuals previously identified by Midjourney in Exhibit A used Midjourney, for a purpose other than to investigate Midjourney's infringement in anticipation of this litigation. Warner Bros. will construe "CONTRACTOR" to mean any person other than an employee whom Warner Bros. has retained to provide goods or services under terms defined by a contract between Warner Bros. and the contractor.

Exhibit 3
Page 43

**REQUEST FOR PRODUCTION NO. 23:**

To the extent not provided in response to the above Requests, produce all DOCUMENTS CONCERNING any instances in which any of YOUR CONTRACTORS or visual effects partners used GENERATIVE AI TOOLS other than Midjourney's in connection with the creation, marketing, or exploitation of any motion picture, television episode, trailer, poster, consumer product, or other derivative of the ASSERTED WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Warner Bros. objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case. The use of generative AI other than Midjourney's is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Warner Bros. further objects that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or video, such as LLM technologies that are not at issue in this litigation. Warner Bros. further objects that the definition of "CONTRACTOR" is vague, overbroad, not proportional to the needs of the litigation, and imposes obligations greater than those imposed by Federal Rules of Civil Procedure, and "visual effects partners" is vague and subsumed by "CONTRACTORS." Warner Bros. further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving the foregoing objections, Warner Bros. will produce non-privileged documents sufficient to show instances in which Warner Bros. authorized contractors to use generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works. Warner Bros. will construe "CONTRACTOR" to mean any person other than an employee whom Warner Bros. has retained to provide

19

WARNER BROS. ENTERTAINMENT INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  2:25-cv-08376-JAK

Exhibit 3
Page 44

goods or services under terms defined by a contract between Warner Bros. and the contractor.

**REQUEST FOR PRODUCTION NO. 24:**

To the extent not provided in response to the above Requests, produce all DOCUMENTS CONCERNING any instances in which any of YOUR EMPLOYEES or CONTRACTORS used GENERATIVE AI TOOLS other than Midjourney in connection with the creation, marketing, or exploitation of any motion picture, television episode, trailer, poster, consumer product, or other derivative of the ASSERTED WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Warner Bros. objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case.  The use of generative AI other than Midjourney's is irrelevant to the claims and defenses in this case, and as such, the request is overbroad and not proportional to the needs of the litigation. Warner Bros. further objects that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or video, such as LLM technologies that are not at issue in this litigation. Warner Bros. further objects that the definition of "CONTRACTOR" is vague, overbroad, not proportional to the needs of the Litigation, and imposes obligations greater than those imposed by Federal Rules of Civil Procedure, and "visual effects partners" is vague and subsumed by "CONTRACTORS." Warner Bros. further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this request is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving the foregoing objections, Warner Bros. will produce non-privileged documents sufficient to show instances in which Warner Bros. authorized its employees or contractors to use generative AI to generate images and/or video outputs intended for consumers, featuring the asserted works.  Warner Bros. will construe

WARNER BROS. ENTERTAINMENT INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  2:25-cv-08376-JAK

Exhibit 3
Page 45

"CONTRACTOR" to mean any person other than an employee whom Warner Bros. has retained to provide goods or services under terms defined by a contract between Warner Bros. and the contractor.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS CONCERNING any THIRD-PARTY datasets that YOU have acquired or downloaded for use in connection with any AI tool, including but not limited to GENERATIVE AI TOOLS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Warner Bros. objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case.  Warner Bros. further objects to this request as overbroad and not proportional to the needs of the litigation because any acquisition by Warner Bros. of third-party datasets for use in connection with any AI is irrelevant to the claims and defenses in this case.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS CONCERNING YOUR use of a WEB CRAWLER to acquire or download multimedia content (e.g., text, video, audio, etc.) from the internet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Warner Bros. objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case.  Warner Bros. further objects to this request as overbroad and not proportional to the needs of the litigation because any use of a web crawler by Warner Bros. is irrelevant to the claims and defenses in this case.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS CONCERNING when and how YOU first became aware of the alleged infringement of YOUR ASSERTED WORKS by Midjourney.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Warner Bros. objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses in this case.  Warner Bros. objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work

WARNER BROS. ENTERTAINMENT INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  2:25-cv-08376-JAK

Exhibit 3
Page 46

Dated:  December 1, 2025

JENNER & BLOCK LLP

By:  _____ */s/ David R. Singer* _____

David R. Singer

Julie A. Shepard

Lauren M. Greene

*Attorneys for Plaintiffs*

45

WARNER BROS. ENTERTAINMENT INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO.  2:25-cv-08376-JAK

Exhibit 3
Page 47