# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05275-JAK-AJR | Date | April 16, 2026 |
|---|---|---|---|
| Title | Disney Enterprises, Inc., et al. v. Midjourney Inc. | | |

| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |
|---|---|

| Ashley Silva-Elder | C/S 04/16/2026 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
|---|---|
| David R. Singer | Bobby A. Ghajar |
| Kara V. Brandeisky | John Paul Oleksiuk |
| Zachary A. Marino | Judd David Lauter |
| Julie A. Shepard | Amelia Mazzarella |
| Lauren Michelle Greene | |

**Proceedings:**      **MINUTES OF INFORMAL DISCOVERY VIDEOCONFERENCE**

On April 16, 2026, the Court held an informal discovery conference by Zoom to discuss certain discovery disputes.  Based on the discussion with the parties, the Court directed as follows:

**Midjourney Subscriber Prompts and Outputs [Plaintiffs' Request for Production ("RFP") Nos. 43-45]:**  The dispute is how to handle the collection, review, and production of the voluminous prompts/outputs responsive to Plaintiffs' search terms. Midjourney raised particular concern about producing the private prompts/outputs because they contend that this would require individualized review for privacy concerns. The Court encouraged the parties to consider a statistical sampling protocol where Midjourey provides aggregate numbers of responsive prompts/outputs, but then instead of producing all responsive prompts/outputs, the parties agree to use a random sampling and extrapolation protocol that allows Midjourney to produce a sample that will be deemed representative of the universe.  This eases the burden on both sides from having to deal with voluminous evidence in the case.  The Court also encouraged the parties to meet and confer on the specific protocol for production because it was not clear that the parties had discussed how this would occur.  Specifically, Midjourney suggested that it intended to produce a spreadsheet with weblinks as opposed to producing images with bates stamps. The Court wants to avoid Midjourney undertaking the time and expense of a large production only to have Plaintiffs contend it should be redone in a different format.  To the extent the parties cannot reach agreement on these protocols before the next informal discovery conference, they can provide an update describing the area of agreement, the area of disagreement, and provide the relevant background facts (*e.g.*, overall volume of responsive prompts/outputs, etc.).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05275-JAK-AJR | Date | April 16, 2026 |
|---|---|---|---|
| Title | Disney Enterprises, Inc., et al. v. Midjourney Inc. | | |

**Data Retention of Subscriber Prompt and Output Records [Plaintiffs' Request for Admission ("RFA") No. 1]:**  Plaintiffs raised concern about Midjourney's retention of relevant prompt and output records based on Midjourney's denial of RFA 1 asking Midjourney to admi that it maintained all text prompts ever submitted to the service.  Midjourney makes the point that it did not have a duty to preserve all prompt and output records since the inception of the company, but only once there was a reasonable anticipation of litigation.  Plaintiffs point out that they sent a cease-and-desist letter to Midjourney on November 4, 2024, and therefore Midjourney should have retained all prompt and output records from this date forward.  At the hearing, counsel for Midjourney advised that he believed Midjourney had retained all prompt and output records going back to November 4, 2024.  In an effort to resolve this issue, the Court directed Midjourney's counsel to check with their client to see if they could confirm that Midjourney had retained all prompt and output records going back to November 4, 2024.  If Midjourney can provide written confirmation to Plaintiffs that it has retained all prompt and output records going back to November 4, 2024, the Court will consider this issue resolved.  If Midjourney cannot do this by the next informal discovery conference, then Plaintiffs can raise this issue in the next joint status update.

**Source Code [Plaintiffs' RFP No. 11]:**  Midjourney objects to permitting review of certain source code.  The Court encouraged Midjourney to agree on a protocol that ultimately permits review.  To the extent Midjourney needs a particular protocol applied to certain source code that is even more highly sensitive than others, then the Court encourages Midjourney to make those proposals and the Court will also encourage Plaintiffs to be accommodating to Midjourney's operational and business needs as it relates to this highly sensitive source code.  However, the Court is unlikely to completely preclude Plaintiffs' access to the source code in light of the unique needs of the case.  If the parties cannot agree on a protocol, then they can raise this at the next informal discovery conference.

\\

\\

\\

\\

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05275-JAK-AJR | Date | April 16, 2026 |
|---|---|---|---|
| Title | Disney Enterprises, Inc., et al. v. Midjourney Inc. | | |

     **Next Steps:** The Court scheduled a further informal discovery conference by Zoom for **May 12, 2026, at 9:30 a.m.** The Courtroom Deputy Clerk will email a link to the parties to join by Zoom. The Court directs the parties to provide a joint status update by email no later than **May 8, 2026**. At the next informal discovery conference, the parties will have up to 10 minutes each to provide an overview of any background facts that they believe would be helpful to the Court's understanding of the current and likely future discovery disputes in the case. This can include a demonstration of how the models work such as the submission of a prompt and the resulting output, as well as the difference between public and stealth mode, etc.

     IT IS SO ORDERED.

<u>01:24</u>