## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05275-JAK-AJR | Date | June 17, 2026 |
|---|---|---|---|
| Title | Disney Enterprises, Inc., et al. v. Midjourney Inc. | | |

| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |
|---|---|

| A.  Silva-Elder | C/S 06/15/2026 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
|---|---|
| David R. Singer, Esq. | Bobby A. Ghajar, Esq. |
| Kara V. Brandeisky, Esq. | John Paul Oleksiuk, Esq. |
| Zachary A. Marino, Esq. | Judd David Lauter, Esq. |
| Lauren Michelle Greene, Esq. | Stephanie Schuyler, Esq. |
| Julie A. Shepard, Esq. | |

**Proceedings:**   **MINUTES OF INFORMAL DISCOVERY CONFERENCE AND ORDER SCHEDULING FURTHER INFORMAL DISCOVERY CONFERENCE**

On June 15, 2026, the Court held an informal discovery conference by Zoom to discuss certain discovery disputes.  Based on the discussion with the parties, the Court directed as follows:

**Plaintiffs Disney, Universal, and Warner Bros. Discovery's Discovery Requests to Midjourney:**

**Format and Accessibility of Training Data, Training Logs, and Public Prompts and Outputs Production [RFP Nos. 4, 12, 43–45; ROG No. 3]:**  The parties currently disagree about how Defendant will produce and/or make available the training data, training logs, and public prompts and outputs.  Plaintiffs would like to explore direct access to this data on Defendant's servers.  Defendant objects to this approach based on operational and security concerns.  The problem is that copying all of this data into separate database for searching and review by Plaintiffs could cost as much as $220,000 per month to host.  If the parties are unable to reach a resolution, the Court may have no choice but to order the data copied into a separate database with the parties to split the cost of hosting for the duration of the case.  See Fed. R. Civ. P. 26(c)(1)(B).

Defendant would like to explore a statistical sampling approach.  Plaintiffs are willing to at least consider this approach, but want more information about the data to better understand how to approach statistical sampling.  Plaintiffs have made a specific information request to Defendant related to the data, but Defendant contends that

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05275-JAK-AJR | Date | June 17, 2026 |
|---|---|---|---|
| Title | Disney Enterprises, Inc., et al. v. Midjourney Inc. | | |

Plaintiffs' request is too onerous and unnecessary.  Therefore, the Court will set some brief deadlines for a back and forth on the information request to see if the parties can reach a compromise that would allow forward movement on the statistical sampling approach. The Court directs Defendant to send an email to Plaintiffs no later than **June 19, 2026** describing the information it proposes to provide related to the data in furtherance of the statistical sampling approach.  Defendant's proposal shall include a deadline to produce the information.  The Court encourages Defendant to specifically respond to the information requests by Plaintiffs and explain why the specific information is not appropriate, if not, and propose an alternative where possible.   Plaintiffs shall have until **June 24, 2026** to respond to Defendant's proposal.  The parties should then meet and confer to narrow or resolve any remaining dispute as to the scope and timing of the information to be provided and shall provide a joint email update to the Court with the parties' respective positions by the end of the day on **June 26, 2026**.  The Court will then review and determine next steps.

**Statistical Sampling Protocol for Private Subscriber Prompts and Outputs [RFP Nos. 43–45]:**  The parties have been working toward a statistical sampling protocol and are near agreement.  There were a few remaining disputes and all but one is now resolved.  First, Defendant agreed to remove the "reasonable steps" language that Plaintiffs had objected to. Second, Defendant agreed that the statistical sampling protocol can be entered as a court order with the following compromise language agreed to by both sides:

> To the extent that, due to unforeseen technical reasons, Midjourney is unable to carry out the methodology or any other obligations detailed herein, or in the course of attempting to carry out the actions contemplated herein Midjourney becomes aware of undue burden that would arise in connection with carrying out such actions, the Parties agree to work together in good faith to address the issue. If, following a good faith effort, the Parties are unable to do so, Midjourney will seek leave from the Court to get relief from this Order.

The only remaining dispute is the "metadata" or other associated data to be provided with the prompts and outputs.  To assist the parties in working through the issue of what "metadata" or other associated data should be provided with the prompts and outputs, Defendant agreed to produce a sample production of prompts and outputs as well as a report of "metadata" and other associated data no later than **June 26, 2026**.  The purpose of this production is to let Plaintiffs and their experts review the actual prompts and outputs and consider what "metadata" and other associated data they would need for the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05275-JAK-AJR | Date | June 17, 2026 |
|---|---|---|---|
| Title | Disney Enterprises, Inc., et al. v. Midjourney Inc. | | |

final statistical sampling protocol.  Following this production, the parties should continue to meet and confer to resolve this issue, and if not resolved, they can raise this at the next informal discovery conference.

**Withheld Copyright Protection Measures and Content Moderation Measures [RFP Nos. 15 and 17]:**  Defendant agreed to make the "image_checker" codebase available for inspection.  Defendant also agreed to provide portions of "image generation" that specifically concern moderation, but not other portions of the "image generation" code.  Defendant agreed to get this done by **June 26, 2026**.

**Outstanding Supplemental Discovery Responses [ROG Nos. 1-2, 4-16; RFA No. 3]:**  Defendant agreed to provide supplemental discovery responses no later than **June 30, 2026**.

**Production of Video Model Source Code:**  Defendant agreed to produce the training code for its video model no later than **June 24, 2026.**

**Production of Snapshot of "dreammachines-monorepo":**  Defendant agreed to produce the requested snapshot no later than **June 24, 2026**.

<u>Midjourney's Requests to Plaintiffs:</u>

**Plaintiffs' Financials:**  Plaintiffs agreed to produce two things: (1) financial information about the value of the copyrighted works; and (2) all documents supporting actual damages.  Plaintiffs are still working to determine what these documents will entail.  Therefore, Plaintiffs agreed to provide a detailed description of the financial documents they intend to produce no later than **June 26, 2026**.  The purpose of this description is so that Defendant can understand what Plaintiffs intend to produce and meet and confer as to any objection, which can then be brought to the Court for resolution.  The parties can raise any remaining dispute at the next informal discovery conference.

**Requests for Admission as to Whether Plaintiffs Scraped or Downloaded Third-party Datasets [RFAs 129-188 (Disney, Universal) / RFAs 124-183 (Warner Bros)]:**  The parties acknowledged that these discovery requests relate to issues presented in Defendant's Motion to Compel that had not yet been ruled on by the Court.  On the morning of the informal discovery conference, the Court issued an Order Granting in Part and Denying in Part Defendant's Motion to Compel.  (Dkt. 88.)  Based on the rationale and conclusions in the Court's ruling on the Motion to Compel, the Court suggested that Plaintiffs should respond to the requests for admission with the responses limited to

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05275-JAK-AJR | Date | June 17, 2026 |
|---|---|---|---|
| Title | Disney Enterprises, Inc., et al. v. Midjourney Inc. | | |

Plaintiffs' development, training, or contemplated development or training of any generative AI to generate images and/or video outputs intended for consumers. This limitation would focus these requests on the relevant customs and practices for generative AI like Midjourney, which is intended for consumers. (Id. at 23-24.) The Court recognized that the parties had not had a meaningful opportunity to consider the Court's ruling and its application to these requests and therefore directed Plaintiffs to consider the issue and notify Defendant of their position on these requests no later than **June 22, 2026**. The parties can raise any remaining dispute regarding these requests at the next informal discovery conference.

     **Next Steps:** The Court scheduled a further informal discovery conference by Zoom for **July 14, 2026, at 9:30 a.m.** The Courtroom Deputy Clerk will circulate a link to the parties to join the videoconference. The parties are directed to provide a joint status update by email no later than **July 10, 2026**. Finally, the parties also agreed that Defendant would have an extension until **June 22, 2026** to oppose Plaintiff's motion to compel related to source code and Plaintiffs would have an extension until **June 26, 2026** to file their reply.

     IT IS SO ORDERED.

<u>01:12</u>