# EXHIBIT 1

# EXHIBIT A

**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Lauren M. Greene (SBN 271397)
lgreene@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: (213) 239-5100
Facsimile:  (213) 239-5199

*Attorneys for Plaintiffs*

Kara V. Brandeisky
(*admitted pro hac vice*)
kbrandeisky@jenner.com
1099 New York Avenue N.W. #900
Washington, D.C. 20001
Telephone: (202) 639-6000

Zachary A. Marino
(*admitted pro hac vice*)
zmarino@jenner.com
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC., UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, et al.; WARNER BROS. ENTERTAINMENT INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MIDJOURNEY, INC.,<br><br>Defendant.<br><br>ALL CASES | Lead Case No. 2:25-cv-05275-JAK (AJRx)<br><br>**PLAINTIFFS DISNEY ENTERPRISES, INC., MARVEL CHARACTERS, INC., MVL FILM FINANCE LLC, LUCASFILM LTD. LLC, AND TWENTIETH CENTURY FOX FILM CORPORATION'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT MIDJOURNEY, INC.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:  Defendant Midjourney, Inc.

RESPONDING PARTY:    Plaintiffs Disney Enterprises, Inc., Marvel Characters, Inc., MVL Film Finance LLC, Lucasfilm Ltd. LLC, and Twentieth Century Fox Film Corporation

SET NUMBER:    One

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Disney Enterprises, Inc., Marvel Characters, Inc., MVL Film Finance LLC, Lucasfilm Ltd. LLC, and Twentieth Century Fox Film Corporation (together "Disney") hereby respond to Defendant Midjourney Inc.'s First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

Disney's responses to Midjourney's First Set of Interrogatories are based on information reasonably available to Disney at this time. Accordingly, Disney reserves the right to modify or supplement its responses with any information that may be subsequently discovered while the case is pending.

Disney is responding to Midjourney's First Set of Interrogatories as Disney reasonably interprets and understands the language of those Interrogatories. If Midjourney subsequently asserts an interpretation of any individual Interrogatory that differs from Disney's reasonable understanding, Disney reserves its right to supplement the responses and/or objections herein.

Disney's responses to Midjourney's First Set of Interrogatories shall not be construed in any way as an admission that any definition provided by Midjourney or any assertion made is either factually correct or legally binding upon Disney, or a waiver of any of Disney's objections, including but not limited to objections regarding privilege, confidentiality, and discoverability.

DISNEY'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES
CASE NO. 2:25-cv-05275-JAK-AJR

that the definition of "GENERATIVE AI TOOL" is overbroad and not proportional to the needs of the litigation to the extent it includes any artificial intelligence system capable of producing text but not images or video, such as LLMs that are not at issue in this litigation. Disney further objects to this interrogatory on the grounds that it seeks information that is irrelevant to any claim or defense. Disney further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this interrogatory is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving its objections, Disney responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Disney will produce documents sufficient to show each instance in which Disney has alleged copyright infringement in connection with a generative AI tool capable of producing images and/or video, other than Midjourney. To the extent any legal proceedings were filed, the documents will identify the parties, forum, claims, the date they were filed, and the resolution.

**INTERROGATORY NO. 11:**

Withdrawn by letter dated January 23, 2026.

**INTERROGATORY NO. 12:**

State all facts supporting YOUR contention that Midjourney's conduct alleged in the ACTION caused YOU injury, including, but not limited to, a description of such injury, how Midjourney caused it, and all facts supporting any contention that YOU suffered lost sales, lost license revenue, loss of market value for an ASSERTED WORK, irreparable harm, and/or other injury or harm.

**RESPONSE TO INTERROGATORY NO. 12:**

Disney objects that the interrogatories herein, including all discrete subparts, constitute approximately 40 separate interrogatories, and therefore exceed the maximum number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1). Disney further objects to this interrogatory pursuant to Federal Rule of Civil Procedure 26(b)(4)(B) to the extent that the interrogatory seeks information that may be subject to expert opinion

and is, therefore, premature. Disney further objects that this interrogatory is compound. Disney further objects that this interrogatory calls for Disney to make legal arguments and conclusions. Disney further objects to this interrogatory pursuant to Federal Rule of Civil Procedure 26(b)(4)(B) to the extent that the interrogatory seeks information that will likely be the be subject to expert opinion and is, therefore, premature.

Subject to and without waiving its objections, Disney responds as follows:

Midjourney has injured Disney by infringing Disney's exclusive rights to reproduce, publicly display and perform, distribute, and make derivative works under Section 106 of the Copyright Act. Specifically, Midjourney copied and aggregated Disney's copyrighted works, used Disney's copyrighted works to train the Midjourney AI models and service, and generated infringing outputs embodying Disney's copyrighted works. Disney exercises its exclusive rights to exploit and license (or not to license) its characters and intellectual property, including images and video clips of its copyrighted works, to develop and grow selected markets for its copyrighted works. Midjourney's conduct usurps Disney's control over the exercise of its exclusive rights in its copyrighted works, interfering with Disney's exploitation and licensing strategies. Disney seeks the maximum statutory damages available due to Midjourney's willful infringement of each work, which will likely be the subject of discovery and expert testimony.

Midjourney has also injured Disney through its unjust enrichment at Disney's expense. Midjourney has obtained ill-gotten gains by reproducing, publicly displaying and performing, distributing, and creating derivative works based on Disney's copyrighted works, without any compensation to Disney. Evidence of Midjourney's ill-gotten gains and unjust enrichment from its unauthorized exploitation of Disney's copyrighted works, including Midjourney's financial and subscriber information, is in Midjourney's possession and Midjourney has not yet produced that information in discovery despite being asked to

DISNEY'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES CASE NO. 2:25-cv-05275-JAK-AJR

do so. This evidence will further demonstrate the value of losses sustained by Disney. The amount of Midjourney's profits or other ill-gotten gains is subject to expert testimony.

Midjourney's unauthorized reproduction, public display and performance, distribution, and creation of derivative works based on Disney's copyrighted works has also caused irreparable harm to Disney's competitive position in the marketplace, business reputation and goodwill, and exclusive control over its copyrights, entitling Disney to injunctive relief, as will also be the subject of further discovery and expert testimony.

**INTERROGATORY NO. 13:**

For each character that YOU allege that Midjourney infringed YOUR rights in, IDENTIFY the earliest created work in which such character was first fixed in a tangible medium of expression.

**RESPONSE TO INTERROGATORY NO. 13:**

Disney objects that the interrogatories herein, including all discrete subparts, constitute approximately 40 separate interrogatories, and therefore exceed the maximum number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1). Disney further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this case.

Subject to and without waiving its objections, Disney responds as follows:

Below is a non-exhaustive, representative list of characters that Midjourney has infringed, as indicated in the Complaint, and corresponding copyright registrations for the earliest created work in which each such character was first fixed in a tangible medium of expression. Discovery is ongoing, and Disney expressly reserves the right to supplement this list consistent with its obligations under Fed. R. Civ. P. 26(e).

| Character | Title of Work | Registration Number | Registration Date |
| --- | --- | --- | --- |
| Aladdin | ALADDIN - ALADDIN (2 SHEETS) | VAU000215432 | 11/14/1991 |

| Character | Title of Work | Registration Number | Registration Date |
|---|---|---|---|
| Spider-Man | AMAZING FANTASY VOL. 1 NO. 15 SEPTEMBER 1962 | B00000976775 | 06/12/1962 |
| Stormtroopers | STAR WARS (US) | LP0000047760 | 06/09/1977 |
| Sulley | SULLIVAN - MODEL SHEET | VAU000462109 | 06/11/1999 |
| Thanos | THE INVINCIBLE IRON MAN #55 | B00000793583 | 12/13/1972 |
| WALL-E | (WALL-E) P2008W-ALE | VAU000713887 | 06/19/2006 |
| Yoda | STAR WARS: EPISODE V - THE EMPIRE STRIKES BACK | PA0000072282 | 06/13/1980 |

Dated:  March 11, 2026                          JENNER & BLOCK LLP


By: _____/s/ David R. Singer_____
                David R. Singer
                Julie A. Shepard
                Lauren M. Greene
                Kara V. Brandeisky
                Zachary A. Marino

                *Attorneys for Plaintiffs*

DISNEY'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES CASE NO. 2:25-cv-05275-JAK-AJR

## **VERIFICATION**

I, Sonia Doshi, declare that:

I am the Vice President of Strategic Operations, Design & Production at the Walt Disney Company, and am authorized to make this verification for and on Plaintiffs Disney Enterprises, Inc., Marvel Characters, Inc., MVL Film Finance LLC, Lucasfilm Ltd. LLC, and Twentieth Century Fox Film Corporation's behalf.  I have read Plaintiffs Disney Enterprises, Inc., Marvel Characters, Inc., MVL Film Finance LLC, Lucasfilm Ltd. LLC, and Twentieth Century Fox Film Corporation's Amended Objections and Responses to Defendant Midjourney, Inc.'s First Set of Interrogatories, and know its contents.  I am informed and believe, and on that ground allege, that the matters stated in the foregoing document are true.  I declare under penalty of perjury under the laws of United States that the foregoing is true and correct.

I declare under penalty of perjury under the laws of United States that the foregoing is true and correct.

Executed on the ___March 11, 2026___ day of March 2026.



DocuSigned by:

_Sonia Doshi_
_____
9676F9B69B144F8...

Sonia Doshi

AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES
CASE NO. 2:25-cv-05275-JAK-AJR

# EXHIBIT B

**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Lauren M. Greene (SBN 271397)
lgreene@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: (213) 239-5100
Facsimile:  (213) 239-5199

*Attorneys for Plaintiffs*

Kara V. Brandeisky
(*admitted pro hac vice*)
kbrandeisky@jenner.com
1099 New York Avenue N.W. #900
Washington, D.C. 20001
Telephone: (202) 639-6000

Zachary A. Marino
(*admitted pro hac vice*)
zmarino@jenner.com
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC., UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, et al.; WARNER BROS. ENTERTAINMENT INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MIDJOURNEY, INC., <br><br> Defendant. <br><br> ALL CASES | Lead Case No. 2:25-cv-05275-JAK (AJRx) <br><br> **PLAINTIFFS UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP AND DREAMWORKS ANIMATION L.L.C.'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT MIDJOURNEY, INC.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:  Defendant Midjourney, Inc.

RESPONDING PARTY:    Plaintiffs Universal City Studios Productions LLLP, and DreamWorks Animation L.L.C.

SET NUMBER:          One

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Universal City Studios Productions LLLP, and DreamWorks Animation L.L.C. (together "Universal") hereby respond to Defendant Midjourney Inc.'s First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

Universal's responses to Midjourney's First Set of Interrogatories are based on information reasonably available to Universal at this time. Accordingly, Universal reserves the right to modify or supplement its responses with any information that may be subsequently discovered while the case is pending.

Universal is responding to Midjourney's First Set of Interrogatories as Universal reasonably interprets and understands the language of those Interrogatories. If Midjourney subsequently asserts an interpretation of any individual Interrogatory that differs from Universal's reasonable understanding, Universal reserves its right to supplement the responses and/or objections herein.

Universal's responses to Midjourney's First Set of Interrogatories shall not be construed in any way as an admission that any definition provided by Midjourney or any assertion made is either factually correct or legally binding upon Universal, or a waiver of any of Universal's objections, including but not limited to objections regarding privilege, confidentiality, and discoverability.

## GENERAL OBJECTIONS

1.     Universal objects that the interrogatories herein, including all discrete subparts, constitute approximately 40 separate interrogatories, and therefore exceed the maximum number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1).

**INTERROGATORY NO. 12:**

State all facts supporting YOUR contention that Midjourney's conduct alleged in the ACTION caused YOU injury, including, but not limited to, a description of such injury, how Midjourney caused it, and all facts supporting any contention that YOU suffered lost sales, lost license revenue, loss of market value for an ASSERTED WORK, irreparable harm, and/or other injury or harm.

**RESPONSE TO INTERROGATORY NO. 12:**

Universal objects that the interrogatories herein, including all discrete subparts, constitute approximately 40 separate interrogatories, and therefore exceed the maximum number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1). Universal further objects to this interrogatory pursuant to Federal Rule of Civil Procedure 26(b)(4)(B) to the extent that the interrogatory seeks information that may be subject to expert opinion and is, therefore, premature. Universal further objects that this interrogatory is compound. Universal further objects that this interrogatory calls for Universal to make legal arguments and conclusions. Universal further objects to this interrogatory pursuant to Federal Rule of Civil Procedure 26(b)(4)(B) to the extent that the interrogatory seeks information that will likely be the be subject to expert opinion and is, therefore, premature.

Subject to and without waiving its objections, Universal responds as follows:

Midjourney has injured Universal by infringing Universal's exclusive rights to reproduce, publicly display and perform, distribute, and make derivative works under Section 106 of the Copyright Act. Specifically, Midjourney copied and aggregated Universal's copyrighted works, used Universal's copyrighted works to train the Midjourney AI models and service, and generated infringing outputs embodying Universal's copyrighted works. Universal exercises its exclusive rights to exploit and license (or not to license) its characters and intellectual property, including images and video clips of its copyrighted works, to develop and grow selected markets for its copyrighted works. Midjourney's conduct usurps Universal's control over the exercise of its exclusive rights in its copyrighted

UNIVERSAL'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES
CASE NO. 2:25-cv-05275-JAK-AJR

works, interfering with Universal's exploitation and licensing strategies. Universal seeks the maximum statutory damages available due to Midjourney's willful infringement of each work, which will likely be the subject of discovery and expert testimony.

Midjourney has also injured Universal through its unjust enrichment at Universal's expense. Midjourney has obtained ill-gotten gains by reproducing, publicly displaying and performing, distributing, and creating derivative works based on Universal's copyrighted works, without any compensation to Universal. Evidence of Midjourney's ill-gotten gains and unjust enrichment from its unauthorized exploitation of Universal's copyrighted works, including Midjourney's financial and subscriber information, is in Midjourney's possession and Midjourney has not yet produced that information in discovery despite being asked to do so. This evidence will further demonstrate the value of losses sustained by Universal. The amount of Midjourney's profits or other ill-gotten gains is subject to expert testimony.

Midjourney's unauthorized reproduction, public display and performance, distribution, and creation of derivative works based on Universal's copyrighted works has also caused irreparable harm to Universal's competitive position in the marketplace, business reputation and goodwill, and exclusive control over its copyrights, entitling Universal to injunctive relief, as will also be the subject of further discovery and expert testimony.

**INTERROGATORY NO. 13:**

For each character that YOU allege that Midjourney infringed YOUR rights in, IDENTIFY the earliest created work in which such character was first fixed in a tangible medium of expression.

**RESPONSE TO INTERROGATORY NO. 13:**

Universal objects that the interrogatories herein, including all discrete subparts, constitute approximately 40 separate interrogatories, and therefore exceed the maximum number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1). Universal further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this case.

UNIVERSAL'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES
CASE NO. 2:25-cv-05275-JAK-AJR

| Toothless | HOW TO TRAIN YOUR DRAGON STYLE GUIDE | TXu 1-615-634 | 09/21/2009 |
|---|---|---|---|

Dated:  March 10, 2026

JENNER & BLOCK LLP

By: _____ /s/ David R. Singer _____

David R. Singer
Julie A. Shepard
Lauren M. Greene
Kara V. Brandeisky
Zachary A. Marino

*Attorneys for Plaintiffs*

UNIVERSAL'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES
CASE NO. 2:25-cv-05275-JAK-AJR

## VERIFICATION

I, Carly Seabrook, declare that:

I am the Senior Director, Copyright Administration at NBCUniversal Media, LLC, and am authorized to make this verification for and on Plaintiffs Universal City Studios Productions LLLP, and DreamWorks Animation L.L.C.'s behalf. I have read Plaintiffs Universal City Studios Productions LLLP, and DreamWorks Animation L.L.C.'s Amended Objections and Responses to Defendant Midjourney, Inc.'s First Set of Interrogatories, and know its contents. I am informed and believe, and on that ground allege, that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of United States that the foregoing is true and correct.

Executed on the 11th day of March 2026.

Signed by:



—0B04B8F8815D431...

Carly Seabrook

---

1

AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES
CASE NO. 2:25-cv-05275-JAK-AJR

NBCU:17044805v1

# EXHIBIT C

**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Lauren M. Greene (SBN 271397)
lgreene@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: (213) 239-5100
Facsimile:  (213) 239-5199

*Attorneys for Plaintiffs*

Kara V. Brandeisky
(*admitted pro hac vice*)
kbrandeisky@jenner.com
1099 New York Avenue N.W. #900
Washington, D.C. 20001
Telephone: (202) 639-6000

Zachary A. Marino
(*admitted pro hac vice*)
zmarino@jenner.com
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC., UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, et al.; WARNER BROS. ENTERTAINMENT INC., et al.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>MIDJOURNEY, INC.,<br><br>                    Defendant.<br><br>                    ALL CASES | Lead Case No. 2:25-cv-05275-JAK (AJRx)<br><br>**PLAINTIFFS WARNER BROS. ENTERTAINMENT INC., DC COMICS, TURNER ENTERTAINMENT CO., HANNA-BARBERA PRODUCTIONS, INC., AND THE CARTOON NETWORK, INC.'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT MIDJOURNEY, INC.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:   Defendant Midjourney, Inc.

RESPONDING PARTY:   Plaintiffs Warner Bros. Entertainment Inc., DC Comics; Turner Entertainment Co., Hanna-Barbera Productions, Inc., and The Cartoon Network, Inc.

SET NUMBER:   One

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Warner Bros. Entertainment Inc., DC Comics; Turner Entertainment Co., Hanna-Barbera Productions, Inc., and The Cartoon Network, Inc. (together "Warner Bros.") hereby respond to Defendant Midjourney, Inc.'s First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

Warner Bros.'s responses to Midjourney's First Set of Interrogatories are based on information reasonably available to Warner Bros. at this time. Accordingly, Warner Bros. reserves the right to modify or supplement its responses with any information that may be subsequently discovered while the case is pending.

Warner Bros. is responding to Midjourney's First Set of Interrogatories as Warner Bros. reasonably interprets and understands the language of those Interrogatories. If Midjourney subsequently asserts an interpretation of any individual Interrogatory that differs from Warner Bros.'s reasonable understanding, Warner Bros. reserves its right to supplement the responses and/or objections herein.

Warner Bros.'s responses to Midjourney's First Set of Interrogatories shall not be construed in any way as an admission that any definition provided by Midjourney or any assertion made is either factually correct or legally binding upon Warner Bros., or a waiver of any of Warner Bros.'s objections, including but not limited to objections regarding privilege, confidentiality, and discoverability.

## GENERAL OBJECTIONS

1.     Warner Bros. objects that the interrogatories herein, including all discrete subparts, constitute approximately 40 separate interrogatories, and therefore exceed the maximum number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1).

1

WARNER BROS.'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES
CASE NO. 2:25-cv-05275-JAK-AJR

interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, since this interrogatory is broad enough to cover privileged communications and attorney notes, thoughts, advice, impressions, or opinions.

Subject to and without waiving its objections, Warner Bros. responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Warner Bros. will produce documents sufficient to show each instance in which Warner Bros. has alleged copyright infringement in connection with a generative AI tool capable of producing images and/or video, other than Midjourney.  To the extent any legal proceedings were filed, the documents will identify the parties, forum, claims, the date they were filed, and the resolution.

**INTERROGATORY NO. 11:**

Withdrawn by letter dated January 23, 2026.

**INTERROGATORY NO. 12:**

State all facts supporting YOUR contention that Midjourney's conduct alleged in the ACTION caused YOU injury, including, but not limited to, a description of such injury, how Midjourney caused it, and all facts supporting any contention that YOU suffered lost sales, lost license revenue, loss of market value for an ASSERTED WORK, irreparable harm, and/or other injury or harm.

**RESPONSE TO INTERROGATORY NO. 12:**

Warner Bros. objects that the interrogatories herein, including all discrete subparts, constitute approximately 40 separate interrogatories, and therefore exceed the maximum number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1). Warner Bros. further objects to this interrogatory pursuant to Federal Rule of Civil Procedure 26(b)(4)(B) to the extent that the interrogatory seeks information that may be subject to expert opinion and is, therefore, premature. Warner Bros. further objects that this interrogatory is compound. Warner Bros. further objects that this interrogatory calls for Warner Bros. to make legal arguments and conclusions. Warner Bros. further objects to this interrogatory pursuant to Federal Rule of Civil Procedure 26(b)(4)(B) to the extent that the

interrogatory seeks information that will likely be the be subject to expert opinion and is, therefore, premature.

Subject to and without waiving its objections, Warner Bros. responds as follows:

Midjourney has injured Warner Bros. by infringing Warner Bros.'s exclusive rights to reproduce, publicly display and perform, distribute, and make derivative works under Section 106 of the Copyright Act. Specifically, Midjourney copied and aggregated Warner Bros.'s copyrighted works, used Warner Bros.'s copyrighted works to train the Midjourney AI models and service, and generated infringing outputs embodying Warner Bros.'s copyrighted works. Warner Bros. exercises its exclusive rights to exploit and license (or not to license) its characters and intellectual property, including images and video clips of its copyrighted works, to develop and grow selected markets for its copyrighted works. Midjourney's conduct usurps Warner Bros.'s control over the exercise of its exclusive rights in its copyrighted works, interfering with Warner Bros.'s exploitation and licensing strategies. Warner Bros. seeks the maximum statutory damages available due to Midjourney's willful infringement of each work, which will likely be the subject of discovery and expert testimony.

Midjourney has also injured Warner Bros. through its unjust enrichment at Warner Bros.'s expense. Midjourney has obtained ill-gotten gains by reproducing, publicly displaying and performing, distributing, and creating derivative works based on Warner Bros.'s copyrighted works, without any compensation to Warner Bros.. Evidence of Midjourney's ill-gotten gains and unjust enrichment from its unauthorized exploitation of Warner Bros.'s copyrighted works, including Midjourney's financial and subscriber information, is in Midjourney's possession and Midjourney has not yet produced that information in discovery despite being asked to do so. This evidence will further demonstrate the value of losses sustained by Warner Bros.. The amount of Midjourney's profits or other ill-gotten gains is subject to expert testimony.

Midjourney's unauthorized reproduction, public display and performance, distribution, and creation of derivative works based on Warner Bros.'s copyrighted works

has also caused irreparable harm to Warner Bros.'s competitive position in the marketplace, business reputation and goodwill, and exclusive control over its copyrights, entitling Warner Bros. to injunctive relief, as will also be the subject of further discovery and expert testimony.

**INTERROGATORY NO. 13:**

For each character that YOU allege that Midjourney infringed YOUR rights in, IDENTIFY the earliest created work in which such character was first fixed in a tangible medium of expression.

**RESPONSE TO INTERROGATORY NO. 13:**

Warner Bros. objects that the interrogatories herein, including all discrete subparts, constitute approximately 40 separate interrogatories, and therefore exceed the maximum number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1). Warner Bros. further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses in this case.

Subject to and without waiving its objections, Warner Bros. responds as follows:

Below is a non-exhaustive, representative list of characters that Midjourney has infringed, as indicated in the Complaint, and corresponding copyright registrations for the earliest created work in which the character Warner Bros. alleges was infringed was first fixed in a tangible medium of expression. Discovery is ongoing, and Warner Bros. expressly reserves the right to supplement this list consistent with its obligations under Fed. R. Civ. P. 26(e).

| Character | Title of Work | Registration Number | Registration Date |
| --- | --- | --- | --- |
| Batman | DETECTIVE COMICS #27 (May 1939) | B413281 | 03-30-1939 |
| Bugs Bunny | A WILD HARE | M10385 | 07-29-1940 |
| Daffy Duck | PORKY'S DUCK HUNT (1937) | MP7569 | 07-07-1937 |
| Jerry | TEE FOR TWO | L13396 | 07-25-1945 |

Dated:  March 11, 2026                                  JENNER & BLOCK LLP


By:    _____/s/ David R. Singer_____
                                        David R. Singer
                                        Julie A. Shepard
                                        Lauren M. Greene
                                        Kara V. Brandeisky
                                        Zachary A. Marino

                                        *Attorneys for Plaintiffs*

WARNER BROS.'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF
INTERROGATORIES
CASE NO. 2:25-cv-05275-JAK-AJR

## **VERIFICATION**

I, Robert Oberschelp, declare that:

I am the President of Global Consumer Products for Warner Bros. Discovery, and am authorized to make this verification for and on behalf of Plaintiffs Warner Bros. Entertainment Inc., DC Comics, Turner Entertainment Co., Hanna-Barbera Productions, Inc., and The Cartoon Network, Inc. ("Plaintiffs"). I have read Plaintiffs' Amended Objections and Responses to Defendant Midjourney, Inc.'s First Set of Interrogatories, and know its contents. I am informed and believe, and on that ground allege, that the matters stated in the foregoing document are true. I declare under penalty of perjury under the laws of United States that the foregoing is true and correct.

I declare under penalty of perjury under the laws of United States that the foregoing is true and correct.

Executed on the 11th day of March 2026.

_____

Robert Oberschelp

---

1