# EXHIBIT 2

# EXHIBIT A

**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Lauren M. Greene (SBN 271397)
lgreene@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:  (213) 239-5100
Facsimile:  (213) 239-5199

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC., UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MIDJOURNEY, INC., <br><br> Defendant. | Case No. 2:25-cv-05275-JAK-AJR <br><br> **PLAINTIFFS DISNEY ENTERPRISES INC., MARVEL CHARACTERS INC., MVL FILM FINANCE LLC, LUCASFILM LTD. LLC, TWENTIETH CENTURY FOX FILM CORPORATION'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)** <br><br> Complaint Filed:   June 11, 2025 <br> Trial Date:          Not set |

DISNEY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Pursuant to Rules 26 of the Federal Rules of Civil Procedure, plaintiffs Disney Enterprises Inc., Marvel Characters Inc., MVL Film Finance LLC, LucasFilm LTD. LLC, and Twentieth Century Fox Film Corporation, (collectively, "Disney") hereby provide the following initial disclosures to Defendant Midjourney, Inc. ("Defendant" or "Midjourney") through Disney's undersigned counsel.

These initial disclosures are based upon information reasonably available to Disney at this time, and Disney reserves the right to supplement and/or otherwise modify these disclosures throughout the litigation as appropriate pursuant to Federal Rule of Civil Procedure 26(e). Disney accordingly reserves the right to make additional disclosures, including the identification of additional individuals who may possess discoverable information and the identification of additional documents, as new information and documents may be discovered or become available. These initial disclosures are made without prejudice to Disney's right to introduce at a hearing or trial any evidence that is subsequently discovered.

These initial disclosures are made without in any way waiving (1) Disney's rights to object on the grounds of competency, privilege, relevancy, materiality, hearsay, or any other proper ground, to the use of any such information for any purpose, in whole or in part, in any proceeding in this action or in any other action; and (2) Disney's rights to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

## 1. List of Individuals Likely to Have Discoverable Information

Pursuant to Rule 26(a)(l)(A)(i) of the Federal Rules of Civil Procedure, Disney identifies the following individuals as persons presently known who are likely to have discoverable information that Disney may use to support their claims and positions in this action. The attribution of particular knowledge to each individual is not necessarily exhaustive, and each individual may have relevant information in other areas as well. By making these disclosures, Disney does not represent that they have identified every

1

DISNEY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

witness possibly relevant to this action. Ongoing investigation and discovery may reveal additional witnesses that Disney may use to support their claims in this action.

| Name | Role | Subjects |
|------|------|----------|
| Sonia Doshi | VP, Strategic Operations, Design & Production.<br><br>May be contacted through counsel for Disney at Jenner & Block LLP. | Copyright registrations reflecting Disney's ownership of copyrighted works at issue; actual and/or threatened harm to Disney caused by Midjourney's copyright infringement. |
| Jamie Voris | EVP, Technology Enablement.<br><br>May be contacted through counsel for Disney at Jenner & Block LLP. | Actual and/or threatened harm to Disney caused by Midjourney's copyright infringement. |
| Bruce Ward | Evidence collection.<br><br>May be contacted through counsel for Disney at Jenner & Block LLP. | Infringing outputs of Plaintiffs' copyrighted works generated by Midjourney that Plaintiffs are relying on in this action; content and use of Midjourney.com, including but not limited to Explore page and terms of use, that Plaintiffs are relying on in this action; outputs from Midjourney |

2

DISNEY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

| | | that Plaintiffs are relying on to show Midjourney implemented copyright protection measures at various times. |
|---|---|---|
| David Holz | Founder, Midjourney | Midjourney's infringement of Disney's copyrighted works including copies made by Midjourney during pre-training and training of the Midjourney AI models, fine-tuning, and Midjourney's infringing outputs; development of the Midjourney AI models and service; acquisition of infringing training materials for Midjourney's AI models and service, including scraping, the use of pirated content to train the Midjourney AI models, and licensing deals and negotiations for training materials; Midjourney's business plans which implicate their ongoing infringement, including service features under development and projections for use of Midjourney's service and features; Midjourney's features, including Midjourney's features for image and video output and the Explore features on the Midjourney website; Midjourney's use of Discord for |

3

DISNEY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

| | | image and video output, presentation of outputs, and making outputs publicly available; Midjourney.tv; Midjourney's partnerships and licensing arrangements; Midjourney's analysis, development, implementation, and removal of copyright protection measures (which Midjourney sometimes calls "content moderation"); Midjourney's terms and conditions, including changes thereto; Midjourney's enforcement of its terms and conditions, including restricting or terminating subscriber accounts; Midjourney revenues and profits attributable to its copyright infringement; Midjourney's willfulness including notice of other claims of infringement asserted against Midjourney; Midjourney's organizational structure. |
|---|---|---|
| Daniel Russell | Senior Software Engineer, Midjourney | Midjourney's infringement of Disney's copyrighted works including copies made by Midjourney during pre-training and training of the Midjourney AI models, fine-tuning, and Midjourney's infringing outputs; |

4

DISNEY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

| | | development of the Midjourney AI models and service; acquisition of infringing training materials for Midjourney's AI models and service, including scraping, the use of pirated content to train the Midjourney AI models, and licensing deals and negotiations for training materials; Midjourney's analysis, development, implementation, and removal of copyright protection measures (which Midjourney sometimes calls "content moderation"); Midjourney's use of Discord for image and video output, presentation of outputs, and making outputs publicly available; Midjourney.tv. |
|---|---|---|
| Amy Kux | Chief Financial Officer, Midjourney | Midjourney's business plans which implicate their ongoing infringement, including service features under development and projections for use of Midjourney's service and features; Midjourney's partnerships and licensing arrangements; Midjourney's analysis, development, implementation, and removal of copyright protection measures (which |

DISNEY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

| | | Midjourney sometimes calls "content moderation"); Midjourney's terms and conditions, including changes thereto; Midjourney's enforcement of its terms and conditions, including restricting or terminating subscriber accounts; Midjourney revenues and profits attributable to its copyright infringement; Midjourney's willfulness including notice of other claims of infringement asserted against Midjourney; Midjourney's organizational structure. |
|---|---|---|
| Bhavin Patel | Head of Finance, Midjourney | Midjourney's business plans which implicate their ongoing infringement, including service features under development and projections for use of Midjourney's service and features; Midjourney's partnerships and licensing arrangements; Midjourney's analysis, development, implementation, and removal of copyright protection measures (which Midjourney sometimes calls "content moderation"); Midjourney's terms and conditions, including changes thereto; Midjourney's enforcement of its terms |

6

| | | |
|---|---|---|
| | | and conditions, including restricting or terminating subscriber accounts; Midjourney revenues and profits attributable to its copyright infringement; Midjourney's willfulness including notice of other claims of infringement asserted against Midjourney; Midjourney's organizational structure. |
| Nadia Ali | Advisor (and former CFO), Midjourney | Midjourney's business plans which implicate their ongoing infringement, including service features under development and projections for use of Midjourney's service and features; Midjourney's partnerships and licensing arrangements; Midjourney's analysis, development, implementation, and removal of copyright protection measures (which Midjourney sometimes calls "content moderation"); Midjourney's terms and conditions, including changes thereto; Midjourney's enforcement of its terms and conditions, including restricting or terminating subscriber accounts; Midjourney revenues and profits attributable to its copyright |

7

DISNEY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

| | | infringement; Midjourney's willfulness including notice of other claims of infringement asserted against Midjourney; Midjourney's organizational structure. |
| --- | --- | --- |

## 2. Documents, Electronically Stored Information, and Tangible Things

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Disney identifies the following categories of non-privileged documents, electronically stored information ("ESI"), and tangible things currently known to be in Disney's possession, custody, or control that have been located to date and that Disney may use to support their claims in this action.

a. The pleadings in this action;

b. The news articles and publications referenced therein;

c. The correspondence between the parties relating to this action;

d. Disney's copyright registrations;

e. Disney's copyrighted works at issue;

f. Image and video outputs collected by Bruce Ward from Midjourney services that Plaintiffs intend to rely on as evidence Midjourney's infringement of Disney's copyrighted works at issue in this lawsuit;

g. Outputs collected by Bruce Ward from Midjourney services that Plaintiffs are relying on to show Midjourney implemented copyright protection measures at various times;

h. Documents that Plaintiffs intend to rely on in this action showing that the availability of outputs that infringe Disney's copyrighted works is a draw to users and consumers;

i. Documents demonstrating Midjourney being on notice of its service being used to generate outputs infringing on Disney's copyrighted works;

8

j.  Disney's policies regarding the use of image and video generative artificial intelligence services;

k.  Documents reflecting harm caused by, or threatened to be caused by, Midjourney's copyright infringement.

Disney also will rely on documents produced in response to discovery requests in this matter and witnesses identified in the course of discovery.  Disney may also rely on any document or witness produced or disclosed by Disney or other parties through initial disclosures, discovery, or in connection with motions filed in this action. Disney also reserve the right to rely on materials relied on by any disclosed expert witness in this action.

## 3. Computation of Damages

Pursuant to Rule 26(a)(l)(A)(iii) of the Federal Rules of Civil Procedure, Disney states that it is seeking damages for copyright infringement in violation of 17 U.S.C. § 106. Damages sought include, but are not limited to, statutory damages under the Copyright Act, disgorgement of Midjourney's profits or other ill-gotten gains, and attorneys' fees. Disney also seeks injunctive relief. One category of damages will involve determining the number of Disney's copyrighted works that Midjourney aggregated, copied, and used to train the Midjourney AI models and service, the number of works embodied in the Midjourney AI models and service as a result of training, and the Disney's copyrighted works embodied in the outputs generated by the Midjourney service.  Disney seeks the maximum statutory damages available due to Midjourney's willful infringement for each work.  This will also be the subject of expert testimony. Disney also seeks disgorgement the profits of Midjourney that are attributable to Midjourney's infringement of Disney's copyright works, which will also be the subject of expert testimony.

## 4. Insurance Agreements

Not applicable to Disney.

DISNEY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Dated:  October 15, 2025            JENNER & BLOCK LLP


By: _____ */s/ David R. Singer* _____
                David R. Singer
                Julie A. Shepard
                Lauren M. Greene

*Attorneys for Plaintiffs*

10

DISNEY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

# EXHIBIT B

**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Lauren M. Greene (SBN 271397)
lgreene@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC., UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MIDJOURNEY, INC., <br><br> Defendant. | Case No. 2:25-cv-05275-JAK-AJR <br><br> **PLAINTIFFS UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP AND DREAMWORKS ANIMATION L.L.C.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)** <br><br> Complaint Filed:     June 11, 2025 <br> Trial Date:     Not set |

UNIVERSAL'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Pursuant to Rules 26 of the Federal Rules of Civil Procedure, plaintiffs Universal City Studios Productions LLLP, and DreamWorks Animation L.L.C., (collectively, "Universal") hereby provide the following initial disclosures to Defendant Midjourney, Inc. ("Defendant" or "Midjourney") through Universal's undersigned counsel.

These initial disclosures are based upon information reasonably available to Universal at this time, and Universal reserves the right to supplement and/or otherwise modify these disclosures throughout the litigation as appropriate pursuant to Federal Rule of Civil Procedure 26(e). Universal accordingly reserves the right to make additional disclosures, including the identification of additional individuals who may possess discoverable information and the identification of additional documents, as new information and documents may be discovered or become available. These initial disclosures are made without prejudice to Universal's right to introduce at a hearing or trial any evidence that is subsequently discovered.

These initial disclosures are made without in any way waiving (1) Universal's rights to object on the grounds of competency, privilege, relevancy, materiality, hearsay, or any other proper ground, to the use of any such information for any purpose, in whole or in part, in any proceeding in this action or in any other action; and (2) Universal's rights to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

1. **List of Individuals Likely to Have Discoverable Information**

Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Universal identifies the following individuals as persons presently known who are likely to have discoverable information that Universal may use to support their claims and positions in this action. The attribution of particular knowledge to each individual is not necessarily exhaustive, and each individual may have relevant information in other areas as well. By making these disclosures, Universal does not represent that they have identified every witness possibly relevant to this action. Ongoing investigation and discovery may reveal

1

additional witnesses that Universal may use to support their claims in this action.

| Name | Role | Subjects |
|------|------|----------|
| Carly Seabrook | Sr. Director, Copyright.<br><br>May be contacted through counsel for Universal at Jenner & Block LLP. | Copyright registrations reflecting Universal's ownership of copyrighted works at issue. |
| Randy Lake | Chief Transformation Officer and Chief Operating Officer.<br><br>May be contacted through counsel for Universal at Jenner & Block LLP. | Actual and/or threatened harm to Universal caused by Midjourney's copyright infringement. |
| Bruce Ward | Evidence collection.<br><br>May be contacted through counsel for Universal at Jenner & Block LLP. | Infringing outputs of Plaintiffs' copyrighted works generated by Midjourney that Plaintiffs are relying on in this action; content and use of Midjourney.com, including but not limited to Explore page and terms of use, that Plaintiffs are relying on in this action; outputs from Midjourney that Plaintiffs are relying on to show Midjourney implemented copyright |



2

| | | protection measures at various times. |
|---|---|---|
| David Holz | Founder, Midjourney | Midjourney's infringement of Universal's copyrighted works including copies made by Midjourney during pre-training and training of the Midjourney AI models, fine-tuning, and Midjourney's infringing outputs; development of the Midjourney AI models and service; acquisition of infringing training materials for Midjourney's AI models and service, including scraping, the use of pirated content to train the Midjourney AI models, and licensing deals and negotiations for training materials; Midjourney's business plans which implicate their ongoing infringement, including service features under development and projections for use of Midjourney's service and features; Midjourney's features, including Midjourney's features for image and video output and the Explore features on the Midjourney website; Midjourney's use of Discord for image and video output, presentation |

UNIVERSAL'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

| | | |
|---|---|---|
| | | of outputs, and making outputs publicly available; Midjourney.tv; Midjourney's partnerships and licensing arrangements; Midjourney's analysis, development, implementation, and removal of copyright protection measures (which Midjourney sometimes calls "content moderation"); Midjourney's terms and conditions, including changes thereto; Midjourney's enforcement of its terms and conditions, including restricting or terminating subscriber accounts; Midjourney revenues and profits attributable to its copyright infringement; Midjourney's willfulness including notice of other claims of infringement asserted against Midjourney; Midjourney's organizational structure. |
| Daniel Russell | Senior Software Engineer, Midjourney | Midjourney's infringement of Universal's copyrighted works including copies made by Midjourney during pre-training and training of the Midjourney AI models, fine-tuning, and |

4

UNIVERSAL'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

| | | Midjourney's infringing outputs; development of the Midjourney AI models and service; acquisition of infringing training materials for Midjourney's AI models and service, including scraping, the use of pirated content to train the Midjourney AI models, and licensing deals and negotiations for training materials; Midjourney's analysis, development, implementation, and removal of copyright protection measures (which Midjourney sometimes calls "content moderation"); Midjourney's use of Discord for image and video output, presentation of outputs, and making outputs publicly available; Midjourney.tv. |
| Amy Kux | Chief Financial Officer, Midjourney | Midjourney's business plans which implicate their ongoing infringement, including service features under development and projections for use of Midjourney's service and features; Midjourney's partnerships and licensing arrangements; Midjourney's analysis, development, implementation, and removal of |

5

UNIVERSAL'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

| | | copyright protection measures (which Midjourney sometimes calls "content moderation"); Midjourney's terms and conditions, including changes thereto; Midjourney's enforcement of its terms and conditions, including restricting or terminating subscriber accounts; Midjourney revenues and profits attributable to its copyright infringement; Midjourney's willfulness including notice of other claims of infringement asserted against Midjourney; Midjourney's organizational structure. |
|---|---|---|
| Bhavin Patel | Head of Finance, Midjourney | Midjourney's business plans which implicate their ongoing infringement, including service features under development and projections for use of Midjourney's service and features; Midjourney's partnerships and licensing arrangements; Midjourney's analysis, development, implementation, and removal of copyright protection measures (which Midjourney sometimes calls "content moderation"); Midjourney's |

6

| | | terms and conditions, including changes thereto; Midjourney's enforcement of its terms and conditions, including restricting or terminating subscriber accounts; Midjourney revenues and profits attributable to its copyright infringement; Midjourney's willfulness including notice of other claims of infringement asserted against Midjourney; Midjourney's organizational structure. |
|---|---|---|
| Nadia Ali | Advisor (and former CFO), Midjourney | Midjourney's business plans which implicate their ongoing infringement, including service features under development and projections for use of Midjourney's service and features; Midjourney's partnerships and licensing arrangements; Midjourney's analysis, development, implementation, and removal of copyright protection measures (which Midjourney sometimes calls "content moderation"); Midjourney's terms and conditions, including changes thereto; Midjourney's enforcement of its terms and |

7

UNIVERSAL'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

| | | conditions, including restricting or terminating subscriber accounts; Midjourney revenues and profits attributable to its copyright infringement; Midjourney's willfulness including notice of other claims of infringement asserted against Midjourney; Midjourney's organizational structure. |
| --- | --- | --- |

## 2. **Documents, Electronically Stored Information, and Tangible Things**

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Universal identifies the following categories of non-privileged documents, electronically stored information ("ESI"), and tangible things currently known to be in Universal's possession, custody, or control that have been located to date and that Universal may use to support their claims in this action.

 a. The pleadings in this action;

 b. The news articles and publications referenced therein;

 c. The correspondence between the parties relating to this action;

 d. Universal's copyright registrations;

 e. Universal's copyrighted works at issue;

 f. Image and video outputs collected by Bruce Ward from Midjourney services that Plaintiffs intend to rely on as evidence Midjourney's infringement of Universal's copyrighted works at issue in this lawsuit;

 g. Outputs collected by Bruce Ward from Midjourney services that Plaintiffs are relying on to show Midjourney implemented copyright protection measures at various times;

 h. Documents that Plaintiffs intend to rely on in this action showing that the

8

availability of outputs that infringe Universal's copyrighted works is a draw to users and consumers;

i. Documents demonstrating Midjourney being on notice of its service being used to generate outputs infringing on Universal's copyrighted works;

j. Universal's policies regarding the use of image and video generative artificial intelligence services;

k. Documents reflecting harm caused by, or threatened to be caused by, Midjourney's copyright infringement.

Universal also will rely on documents produced in response to discovery requests in this matter and witnesses identified in the course of discovery. Universal may also rely on any document or witness produced or disclosed by Universal or other parties through initial disclosures, discovery, or in connection with motions filed in this action. Universal also reserves the right to rely on materials relied on by any disclosed expert witness in this action.

**3. Computation of Damages**

Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, Universal states that it is seeking damages for copyright infringement in violation of 17 U.S.C. § 106. Damages sought include, but are not limited to, statutory damages under the Copyright Act, disgorgement of Midjourney's profits or other ill-gotten gains, and attorneys' fees. Universal also seeks injunctive relief. One category of damages will involve determining the number of Universal's copyrighted works that Midjourney aggregated, copied, and used to train the Midjourney AI models and service, the number of works embodied in the Midjourney AI models and service as a result of training, and the Universal's copyrighted works embodied in the outputs generated by the Midjourney service. Universal seeks the maximum statutory damages available due to Midjourney's willful infringement for each work. This will also be the subject of expert testimony. Universal also seeks disgorgement

9

the profits of Midjourney that are attributable to Midjourney's infringement of Universal's copyright works, which will also be the subject of expert testimony.

**4. Insurance Agreements**

Not applicable to Universal.

Dated:  October 15, 2025          JENNER & BLOCK LLP


By: _____/s/ David R. Singer_____
                              David R. Singer
                              Julie A. Shepard
                              Lauren M. Greene

*Attorneys for Plaintiffs*

UNIVERSAL'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

# EXHIBIT C

**JENNER & BLOCK LLP**
David R. Singer (SBN 204699)
dsinger@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
Lauren M. Greene (SBN 271397)
lgreene@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone: (213) 239-5100
Facsimile:  (213) 239-5199

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., et al., <br><br> Plaintiffs, <br><br> v. <br> MIDJOURNEY, INC., <br><br> Defendant. | Case No. 2:25-cv-08376-JAK-E <br><br> **PLAINTIFFS WARNER ENTERTAINMENT INC., DC COMICS, TURNER ENTERTAINMENT CO., HANNA-BARBERA PRODUCTIONS, INC., THE CARTOON NETWORK, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)** <br><br> Complaint Filed:    September 4, 2025 <br> Trial Date:          Not set |

WARNER BROS. DISCOVERY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Pursuant to Rules 26 of the Federal Rules of Civil Procedure, plaintiffs Warner Entertainment Inc., DC Comics, Turner Entertainment Co., Hanna-Barbera Productions, Inc., The Cartoon Network, Inc. (collectively, "Warner Bros. Discovery") hereby provide the following initial disclosures to Defendant Midjourney, Inc. ("Defendant" or "Midjourney") through Warner Bros. Discovery's undersigned counsel.

These initial disclosures are based upon information reasonably available to Warner Bros. Discovery at this time, and Warner Bros. Discovery reserves the right to supplement and/or otherwise modify these disclosures throughout the litigation as appropriate pursuant to Federal Rule of Civil Procedure 26(e). Warner Bros. Discovery accordingly reserves the right to make additional disclosures, including the identification of additional individuals who may possess discoverable information and the identification of additional documents, as new information and documents may be discovered or become available. These initial disclosures are made without prejudice to Warner Bros. Discovery's right to introduce at a hearing or trial any evidence that is subsequently discovered.

These initial disclosures are made without in any way waiving (1) Warner Bros. Discovery's rights to object on the grounds of competency, privilege, relevancy, materiality, hearsay, or any other proper ground, to the use of any such information for any purpose, in whole or in part, in any proceeding in this action or in any other action; and (2) Warner Bros. Discovery's rights to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

## 1. <u>List of Individuals Likely to Have Discoverable Information</u>

Pursuant to Rule 26(a)(l)(A)(i) of the Federal Rules of Civil Procedure, Warner Bros. Discovery identifies the following individuals as persons presently known who are likely to have discoverable information that Warner Bros. Discovery may use to support their claims and positions in this action.  The attribution of particular knowledge to each

WARNER BROS. DISCOVERY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

individual is not necessarily exhaustive, and each individual may have relevant information in other areas as well. By making these disclosures, Warner Bros. Discovery does not represent that they have identified every witness possibly relevant to this action. Ongoing investigation and discovery may reveal additional witnesses that Warner Bros. Discovery may use to support their claims in this action.

| Name | Role | Subjects |
| --- | --- | --- |
| Wayne Smith | Executive Vice President, Legal, Warner Bros. Studios<br><br>May be contacted through counsel for Warner Bros. Discovery at Jenner & Block LLP. | Copyright registrations reflecting Warner Bros. Discovery's ownership of copyrighted works at issue. |
| Robert Oberschelp | Executive Vice President, Global Consumer Products<br><br>May be contacted through counsel for Warner Bros. Discovery at Jenner & Block LLP. | Actual and/or threatened harm to Warner Bros. Discovery caused by Midjourney's copyright infringement. |
| Bruce Ward | Evidence collection.<br><br>May be contacted | Infringing outputs of Warner Bros. Discovery's copyrighted works generated by Midjourney that Warner |

2

| | | |
|---|---|---|
| | through counsel for Warner Bros. Discovery at Jenner & Block LLP. | Bros. Discovery is relying on in this action; content and use of Midjourney.com, including but not limited to Explore page and terms of use, that Warner Bros. Discovery is relying on in this action; outputs from Midjourney that Warner Bros. Discovery is relying on to show Midjourney implemented copyright protection measures at various times. |
| David Holz | Founder, Midjourney | Midjourney's infringement of Warner Bros. Discovery's copyrighted works including copies made by Midjourney during pre-training and training of the Midjourney AI models, fine-tuning, and Midjourney's infringing outputs; development of the Midjourney AI models and service; acquisition of infringing training materials for Midjourney's AI models and service, including scraping, the use of pirated content to train the Midjourney AI models, and licensing deals and negotiations for training materials; Midjourney's business plans which implicate their ongoing infringement, |

WARNER BROS. DISCOVERY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

| | | including service features under development and projections for use of Midjourney's service and features; Midjourney's features, including Midjourney's features for image and video output and the Explore features on the Midjourney website; Midjourney's use of Discord for image and video output, presentation of outputs, and making outputs publicly available; Midjourney.tv; Midjourney's partnerships and licensing arrangements; Midjourney's analysis, development, implementation, and removal of copyright protection measures (which Midjourney sometimes calls "content moderation"); Midjourney's terms and conditions, including changes thereto; Midjourney's enforcement of its terms and conditions, including restricting or terminating subscriber accounts; Midjourney revenues and profits attributable to its copyright infringement; Midjourney's willfulness including notice of other |
|---|---|---|

4

WARNER BROS. DISCOVERY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

| | | claims of infringement asserted against Midjourney; Midjourney's organizational structure. |
|---|---|---|
| Daniel Russell | Senior Software Engineer, Midjourney | Midjourney's infringement of Warner Bros. Discovery's copyrighted works including copies made by Midjourney during pre-training and training of the Midjourney AI models, fine-tuning, and Midjourney's infringing outputs; development of the Midjourney AI models and service; acquisition of infringing training materials for Midjourney's AI models and service, including scraping, the use of pirated content to train the Midjourney AI models, and licensing deals and negotiations for training materials; Midjourney's analysis, development, implementation, and removal of copyright protection measures (which Midjourney sometimes calls "content moderation"); Midjourney's use of Discord for image and video output, presentation of outputs, and making outputs publicly available; Midjourney.tv. |

5

WARNER BROS. DISCOVERY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

| Amy Kux | Chief Financial Officer, Midjourney | Midjourney's business plans which implicate their ongoing infringement, including service features under development and projections for use of Midjourney's service and features; Midjourney's partnerships and licensing arrangements; Midjourney's analysis, development, implementation, and removal of copyright protection measures (which Midjourney sometimes calls "content moderation"); Midjourney's terms and conditions, including changes thereto; Midjourney's enforcement of its terms and conditions, including restricting or terminating subscriber accounts; Midjourney revenues and profits attributable to its copyright infringement; Midjourney's willfulness including notice of other claims of infringement asserted against Midjourney; Midjourney's organizational structure. |
| Bhavin Patel | Head of Finance, Midjourney | Midjourney's business plans which implicate their ongoing infringement, including service features under |

6

| | | |
|---|---|---|
| | | development and projections for use of Midjourney's service and features; Midjourney's partnerships and licensing arrangements; Midjourney's analysis, development, implementation, and removal of copyright protection measures (which Midjourney sometimes calls "content moderation"); Midjourney's terms and conditions, including changes thereto; Midjourney's enforcement of its terms and conditions, including restricting or terminating subscriber accounts; Midjourney revenues and profits attributable to its copyright infringement; Midjourney's willfulness including notice of other claims of infringement asserted against Midjourney; Midjourney's organizational structure. |
| Nadia Ali | Advisor (and former CFO), Midjourney | Midjourney's business plans which implicate their ongoing infringement, including service features under development and projections for use of Midjourney's service and features; Midjourney's partnerships and |

7

WARNER BROS. DISCOVERY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

| | | licensing arrangements; Midjourney's analysis, development, implementation, and removal of copyright protection measures (which Midjourney sometimes calls "content moderation"); Midjourney's terms and conditions, including changes thereto; Midjourney's enforcement of its terms and conditions, including restricting or terminating subscriber accounts; Midjourney revenues and profits attributable to its copyright infringement; Midjourney's willfulness including notice of other claims of infringement asserted against Midjourney; Midjourney's organizational structure. |
|---|---|---|

## 2. **Documents, Electronically Stored Information, and Tangible Things**

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Warner Bros. Discovery identifies the following categories of non-privileged documents, electronically stored information ("ESI"), and tangible things currently known to be in Warner Bros. Discovery's possession, custody, or control that have been located to date and that Warner Bros. Discovery may use to support their claims in this action.

    a. The pleadings in this action;

    b. The news articles and publications referenced therein;

    c. The correspondence between the parties relating to this action;

WARNER BROS. DISCOVERY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

d.  Warner Bros. Discovery's copyright registrations;

e.  Warner Bros. Discovery's copyrighted works at issue;

f.  Image and video outputs collected by Bruce Ward from Midjourney services that Warner Bros. Discovery intends to rely on as evidence Midjourney's infringement of Warner Bros. Discovery's copyrighted works at issue in this lawsuit;

g.  Outputs collected by Bruce Ward from Midjourney services that Warner Bros. Discovery is relying on to show Midjourney implemented copyright protection measures at various times;

h.  Documents that Warner Bros. Discovery intends to rely on in this action showing that the availability of outputs that infringe Warner Bros. Discovery's copyrighted works is a draw to users and consumers;

i.  Documents showing that the availability of outputs that infringe Warner Bros. Discovery's copyrighted works are a draw to users and consumers;

j.  Documents demonstrating Midjourney being on notice of its service being used to generate outputs infringing on Warner Bros. Discovery's copyrighted works;

k.  Warner Bros. Discovery's policies regarding the use of image and video generative artificial intelligence services;

l.  Documents reflecting harm caused by, or threatened to be caused by, Midjourney's copyright infringement.

Warner Bros. Discovery also will rely on documents produced in response to discovery requests in this matter and witnesses identified in the course of discovery. Warner Bros. Discovery may also rely on any document or witness produced or disclosed by Warner Bros. Discovery or other parties through initial disclosures, discovery, or in connection with motions filed in this action. Warner Bros. Discovery also reserve the right

9

to rely on materials relied on by any disclosed expert witness in this action.

### 3. Computation of Damages

Pursuant to Rule 26(a)(l)(A)(iii) of the Federal Rules of Civil Procedure, Warner Bros. Discovery states that it is seeking damages for copyright infringement in violation of 17 U.S.C. § 106. Damages sought include, but are not limited to, statutory damages under the Copyright Act, disgorgement of Midjourney's profits or other ill-gotten gains, and attorneys' fees. Warner Bros. Discovery also seeks injunctive relief. One category of damages will involve determining the number of Warner Bros. Discovery's copyrighted works that Midjourney aggregated, copied, and used to train the Midjourney AI models and service, the number of works embodied in the Midjourney AI models and service as a result of training, and the Warner Bros. Discovery's copyrighted works embodied in the outputs generated by the Midjourney service. Warner Bros. Discovery seeks the maximum statutory damages available due to Midjourney's willful infringement for each work. This will also be the subject of expert testimony. Warner Bros. Discovery also seeks disgorgement the profits of Midjourney that are attributable to Midjourney's infringement of Warner Bros. Discovery's copyright works, which will also be the subject of expert testimony.

### 4. Insurance Agreements

Not applicable to Warner Bros. Discovery.

Dated:  October 31, 2025                    JENNER & BLOCK LLP


By:        /s/ David R. Singer
                    David R. Singer
                    Julie A. Shepard
                    Lauren M. Greene

                    *Attorneys for Plaintiffs*

10

WARNER BROS. DISCOVERY'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)