# EXHIBIT 4

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION - LOS ANGELES


DISNEY ENTERPRISES INC.,     ) Case No. CV 25-5275-JAK (AJRx)
et al.,                      )
                             ) Los Angeles, California
        Plaintiffs,          ) Thursday, March 12, 2026
                             ) 1:30 P.M. to 3:10 P.M.
            v.               )
                             )
MIDJOURNEY INC.              )
                             )
        Defendant.           )
_____)


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JOEL A. RICHLIN
UNITED STATES MAGISTRATE JUDGE


| | |
|---|---|
| Appearances: | See Page 2 |
| Deputy Clerk: | Ashley Silva-Elder |
| Court Reporter: | Recorded; CourtSmart |
| Transcription Service: | JAMS Certified Transcription |
| | 16000 Ventura Boulevard #1010 |
| | Encino, California  91436 |
| | (661) 609-4528 |

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

touch on 8 -- RFP 8, 10, 14, 21, 23, 24, as well as 12, 13, and 25.  There are nuances but --

THE COURT:  Well, I'm going to get to --

MR. SINGER:  -- a lot of these subjects overlap --

MS. SCHUYLER:  I was going to say, I think --

MR. SINGER:  Okay.

MS. SCHUYLER:  -- the nuances are important.  So I'd like to address --

THE COURT:  I'm going to turn to 12 --

MR. SINGER:  Okay.

THE COURT:  -- in a minute, and we'll gather a list.

MR. SINGER:  Okay.

THE COURT:  So the list is in flux, but so far we've covered 8, 10, 23, and 24, and we'll set a briefing schedule at the end.  So let's keep moving forward.  Just to sort of --

MR. SINGER:  Okay.

THE COURT:  Before I -- just to respond to some of the things you said, for guidance for you, Mr. Singer, you know what you're going to get from Ms. Schuyler.  You are going to get a lot of arguments about relevance, in addition to the four fair use factors.  You're going to hear a lot of other things, and you can address that.  What I'll be looking for is burden arguments because those are -- you know, those

are not legal arguments.  Those are factual arguments.  So what I will be looking for is to the extent Ms. Schuyler convinces me that there may be some relevance or some limited relevance or maybe a stretch -- maybe some of the things I've heard, maybe, I think, were a stretch so then I'm going to be more focused on burden and proportionality, and in order to rule in that way, you have to support that with facts.  Okay?  So just giving you a head's up as to what you could do that's going to help you out, and I've already done the same -- given suggestions to Ms. Schuyler.

So let's move forward, then.  I'm going to skip over 8, 10, 23, 24, and I'm going to go down to 12.

MS. SCHUYLER:  Yes.  So 12, 13, and 25 is sort of the next grouping of requests, which relate to plaintiffs' development or training of generative AI --

THE COURT:  Okay.

MS. SCHUYLER:  -- of their own.  And I think -- you know, respectfully, what Mr. Singer said -- this is the point on some of the sort of concrete evidence we have as to what plaintiffs are actually doing.  So, as I mentioned, Disney is now a part owner of Sora; right?  Sora is trained on publicly available data.  It includes works Disney doesn't own.  And Disney is benefiting from this use.  It owns -- it's a part owner of this service, and our understanding is all of the plaintiffs are developing internal generative AI tools of

CERTIFICATE

I certify that the foregoing is a correct transcript

from the electronic sound recording of the proceedings in the

above-entitled matter.

/s/ Julie Messa                          March 28, 2026
Julie Messa, CET**D-403          Date
Transcriber