# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC., et al.; WARNER BROS. ENTERTAINMENT, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MIDJOURNEY, INC., <br><br> Defendant. <br><br> ALL CASES | Lead Case No. 2:25-cv-05275-JAK (AJRx) <br><br> **[PROPOSED] ORDER GRANTING DEFENDANT MIDJOURNEY'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER PURSUANT TO FRCP 72(A) AND LOCAL RULE 72-2.1** <br><br> Date: August 17, 2026 <br> Time: 8:30 a.m. <br> Court: Courtroom 10C <br> Judge: Hon. John A. Kronstadt <br><br> Date Action Filed: June 11, 2025 |

COOLEY LLP
ATTORNEYS AT LAW

HAVING CONSIDERED Defendant Midjourney, Inc.'s ("Midjourney") Motion for Review of Magistrate Judge's Order ("Motion for Review") and the Plaintiffs' Opposition, if any, filed in response to the Motion for Review, the Court hereby **GRANTS** the Motion for Review and **ORDERS** the following:

1. The Magistrate Judge's Order (the "Order," ECF No. 88) is reversed to the extent it imposed a limitation on discovery related to Plaintiffs' use and development of AI (i.e., RFP Nos. 8, 10, 12, 13, 14, 21, 23-25) that Plaintiffs need only produce documents related to "consumer-facing" uses of AI. The Court finds that the discovery requests are relevant, including as to Midjourney's fair use and unclean hands defenses, and proportional under Fed. R. Civ. P. Rule 26(b)(1).

2. Plaintiffs are hereby ordered to produce the following documents:

**Use of Image-Generating AI (RFP Nos. 8, 10, 23-24)**

3. In response to **RFP No. 8**, which sought "all documents and communications concerning any instances in which [Plaintiffs] approved the use of generative AI tools other than Midjourney's by [their] employees or contractors in connection with the creation, marketing, or exploitation of any motion picture, television episode, trailer, poster, consumer product, or other derivative of the asserted works," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limiting it to documents regarding use of generative AI that is "intended for consumers."**

4. In response to **RFP No. 10**, which sought "all documents sufficient to show any generative AI tool tested or evaluated by [Plaintiffs] for use by [their] employees or contractors, including, but not limited to, vendor contracts, NDAs, statements of work, or research reports or analyses," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limiting it to documents regarding testing or evaluation of generative AI that is "intended for consumers."**

5. In response to **RFP No. 23**, which sought "all documents concerning

any instances in which any of [Plaintiffs'] contractors or visual effects partners used generative AI tools other than Midjourney's in connection with the creation, marketing, or exploitation of any motion picture, television episode, trailer, poster, consumer product, or other derivative of the asserted works," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limiting it to documents regarding use of generative AI that is "intended for consumers."**

6.    In response to **RFP No. 24**, which sought "all documents concerning any instances in which any of [Plaintiffs'] employees or contractors used generative AI tools other than Midjourney in connection with the creation, marketing, or exploitation of any motion picture, television episode, trailer, poster, consumer product, or other derivative of the asserted works," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limiting it to documents regarding use of generative AI that is "intended for consumers."**

**Training and Development of Plaintiffs' Own AI Models (RFP Nos. 12, 13, 25)**

7.    In response to **RFP No. 12**, which sought "documents sufficient to show all business plans, roadmaps, research reports, or other studies concerning [Plaintiffs'] actual or proposed development or training of any generative AI tool," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limiting it to documents regarding development or training of generative AI that is "intended for consumers."**

8.    In response to **RFP No. 13**, which sought "documents sufficient to show [Plaintiffs'] development, training, or contemplated development or training of any generative AI tool, including training datasets, data sources, or model weights," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limiting it to documents regarding development,**

**training, or contemplated development or training of generative AI that is "intended for consumers."**

9. In response to **RFP No. 25**, which sought "all documents concerning any third-party datasets that [Plaintiffs'] have acquired or downloaded for use in connection with any AI tool, including but not limited to generative AI tools," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limiting it to use of AI tools that is "intended for consumers."**

**Plaintiffs' Policies About Generative AI (RFP Nos. 14, 21)**

10. In response to **RFP No. 14**, which sought "all documents and communications reflecting statements by [Plaintiffs'] corporate officers concerning [Plaintiffs'] policy towards, use of, or development of generative AI tools," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limiting it to statements about generative AI "intended for consumers."**

11. In response to **RFP No. 21**, which sought "documents sufficient to show all Board of Directors minutes, presentations, or executive-level briefings concerning generative AI tools," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search, without limitation.**

**Prompts and Corresponding Outputs that Plaintiffs or Their Agents Submitted to Midjourney that Were Not Featured in the Complaints (RFP No. 16)**

12. The Magistrate Judge's Order (ECF No. 88) is also reversed as to the finding that Plaintiffs' and their agents' prompts and outputs not featured in the Complaints are "opinion work product" not waived by disclosure to Midjourney and the users' agreement to Midjourney's Terms of Service. The same applies to Plaintiffs' "investigator" Bruce Ward, a witness on Plaintiffs' initial disclosures who cannot selectively disclose prompts and outputs that he generated without also

disclosing the prompts and images not featured in the Complaints.

13.    Accordingly, in response to **RFP No. 16**, which sought "documents sufficient to identify the prompts used to create purported 'Midjourney' image(s) shown in the Complaint, and all other prompts submitted by [Plaintiffs'] or other person(s) to Midjourney in connection with attempts to generate each image shown in the Complaint (including prompts that resulted in images not shown in the Complaint), and all outputs generated in response to such prompts," **Plaintiffs are ordered to produce all responsive documents located after a reasonable search.**

Each Plaintiff is ordered to produce documents responsive to the above Requests within thirty (30) days of this Order.


**IT IS SO ORDERED.**


Date:_____                    _____
                                            Hon. John A. Kronstadt
                                       United States District Court Judge

COOLEY LLP
ATTORNEYS AT LAW

4

[PROPOSED] ORDER GRANTING DEFENDANT
MIDJOURNEY'S MOTION FOR REVIEW
CASE NO.: 2:25-CV-05275-JAK-AJR