COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401-4100
Telephone:   (310) 883-6400
Facsimile:   (310) 883-6500

JOHN PAUL OLEKSIUK (283396)
(jpo@cooley.com)
STEPHANIE SCHUYLER (PRO HAC VICE)
(sschuyler@cooley.com)
55 Hudson Yards
New York, NY 10001-2157
Telephone:   (212) 479-6000
Facsimile:   (212) 479-6275

JUDD D. LAUTER (290945)
(jlauter@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

KAYLA BLAKER (PRO HAC VICE PENDING)
(kblaker@cooley.com)
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone:   (720) 566-4000
Facsimile:   (720) 566-4099

*Counsel for Defendant Midjourney, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC., et al.; WARNER BROS. ENTERTAINMENT, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MIDJOURNEY, INC., a Delaware corporation, <br><br> Defendant. <br><br> ALL CASES | Case No. 2:25-cv-05275-JAK-AJR <br><br> Consolidated for all purposes with Case No. 2:25-cv-08376-JAK-E <br><br> **DEFENDANT MIDJOURNEY INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER RULE 12(C)** <br><br> September 28, 2026 <br> Time:   8:30 AM <br> Court:   Courtroom 10C <br> Judge:   Hon. John A. Kronstadt <br><br> Date Action Filed:  June 11, 2025 |

COOLEY LLP
ATTORNEYS AT LAW

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 2

    I.    Introduction. ..................................................................................... 2

    II.   Factual and Legal Background. .......................................................... 4

        A.   Plaintiffs Commingle Two Distinct Secondary Infringement Claims Within a Single Claim. ............................ 4

        B.   Midjourney's Explore Page Allows Users to View and Search for Others' Images. ................................................. 5

        C.   *Cox* and the Elimination of the "Material Contribution" Framework ....................................................................... 9

        D.   In spite of *Cox*, Plaintiffs Refuse to Narrow Their Pleadings While Conceding "Material Contribution" Is No Longer Viable. .......................................................... 10

        E.   The Current Case Schedule ...................................................... 11

    III.  Legal Standard. ............................................................................... 11

    IV.  Argument .......................................................................................... 12

        A.   The Court Should Evaluate Plaintiffs' Contributory Infringement Claim Separately from the Vicarious Infringement Claim. ................................................................ 12

        B.   The Complaints Fail to State a Claim for Contributory Infringement Based on a "Material Contribution" Theory ...... 14

        C.   The Complaints Do Not and Cannot Plead that Midjourney's Service Is "Tailored to Infringement." .............. 15

        D.   The Complaints Fail to State a Claim for Contributory Infringement by Inducement. ................................................. 16

            1.   The Complaints Do Not Allege an Inducing Message. .................................................................... 16

            2.   The Complaints Fail to Plausibly Plead a Causal Link Between the Explore Page and Alleged Infringement of Plaintiffs' Works. ................................ 20

    V.   Conclusion. ..................................................................................... 21

COOLEY LLP
ATTORNEYS AT LAW

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Art Recs. LLC v. YouTube LLC,*
2026 WL 1669167 (N.D. Cal. June 9, 2026) ..................................................... 10

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...................................................................................... 12, 19

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) .............................................................................................. 11

*Columbia Pictures Indus., Inc. v. Fung,*
710 F.3d 1020 (9th Cir. 2013) .......................................................... 16, 17, 18, 20

*Cox Commc'ns, Inc. v. Sony Music Ent.,*
146 S. Ct. 959 (2026) ...................................................................................*passim*

*D.B., et al. v. Bellesa Enters. US, Inc.,*
2026 WL 2058427 (C.D. Cal. July 14, 2026) ....................................................... 6

*Dahlia v. Rodriguez,*
735 F.3d 1060 (9th Cir. 2013) ............................................................................. 12

*Daniels-Hall v. Nat'l Educ. Ass'n,*
629 F.3d 992 (9th Cir. 2010) ............................................................................... 12

*David v. CBS Interactive Inc.,*
2012 WL 12884914 (C.D. Cal. Jul. 13, 2012) ..................................................... 18

*Deveraturda v. Globe Aviation Sec. Servs.,*
454 F.3d 1043 (9th Cir. 2006) ............................................................................. 12

*Eight Mile Style, LLC v. Meta Platforms, Inc.,*
2026 WL 1735026 (E.D. Mich. June 16, 2026) ............................................ 10, 11

*Ellison v. Robertson,*
357 F.3d 1072 (9th Cir. 2004) ............................................................................. 13

*Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.,*
146 S. Ct. 1391 (2026) ...................................................................... 16, 17, 19, 20

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Kuhmstedt v. Enttech Media Grp., LLC,*
2022 WL 1769126 (C.D. Cal. Apr. 11, 2022)........................................................13

*Lammey v. CBM Two Hotels, L.P,*
2022 WL 22805525 (C.D. Cal. July 8, 2022) ..........................................................6

*Lang Van, Inc. v. VNG Corp.,*
2024 WL 5275645 (C.D. Cal. Oct. 2, 2024) ..........................................................12

*Live Nation Ent., Inc. v. Factory Mut. Ins. Co.,*
2022 WL 390712 (C.D. Cal. Feb. 3, 2022)..............................................................6

*Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.,*
658 F.3d 936 (9th Cir. 2011)...................................................................................9

*Luvdarts, LLC v. AT & T Mobility, LLC,*
710 F.3d 1068 (9th Cir. 2013)..................................................................................9

*Lyon v. Chase Bank USA, N.A.,*
656 F.3d 877 (9th Cir. 2011)..................................................................................11

*Mays v. Wal-Mart Stores, Inc.,*
354 F. Supp. 3d 1136 (C.D. Cal. 2019)..................................................................12

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,*
545 U.S. 913 (2005) ..........................................................................................*passim*

*Nat'l Photo Grp., LLC v. Allvoices, Inc.,*
2014 WL 280391 (N.D. Cal. Jan. 24, 2014) .........................................................17

*Pakootas v. Teck Cominco Metals, Ltd.,*
905 F.3d 565 (9th Cir. 2018)..................................................................................13

*Perfect 10, Inc. v. Amazon.com, Inc.,*
508 F.3d 1146 (9th Cir. 2007)................................................................................10

*Perfect 10, Inc. v. Giganews, Inc.,*
847 F.3d 657 (9th Cir. 2017).........................................................................9, 10, 18

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**
**CASE NO.: 2:25-CV-05275-JAK-AJR**

COOLEY LLP
ATTORNEYS AT LAW

## TABLE OF AUTHORITIES
(continued)

**Page**

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007) ........................................................................ 17

*Solis v. Am. Airlines, Inc.*,
    2021 WL 4893247 (C.D. Cal. July 27, 2021) ................................................ 14

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
    464 U.S. 417 (1984) ......................................................................................... 9

*Thomson v. HMC Grp.*,
    2014 WL 12589312 (C.D. Cal. Feb. 18, 2014) .............................................. 13

*Unicolors, Inc. v. H&M Hennes & Mauritz LP*,
    2016 WL 10646311 (C.D. Cal. Aug. 12, 2016) .............................................. 13

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ........................................................................... 6

*Universal City Studios Prods. LLLP v. TickBox TV LLC*,
    2018 WL 1568698 (C.D. Cal. Jan. 30, 2018) ................................................. 18

*Van Buskirk v. CNN*,
    284 F.3d 977 (9th Cir. 2002) ........................................................................... 6

*VHT, Inc. v. Zillow Grp., Inc.*,
    918 F.3d 723, 746 (9th Cir. 2019) ................................................................. 18

**Other Authorities**

Fed. R. Civ. P. 12(c) ...................................................................................... *passim*

Fed. R. Civ. P. 12(h)(2)(B) .................................................................................... 11

Local Rule 7-3 ......................................................................................................... 1

Local Rule 7-4 ..................................................................................................... 1, 2

Rule 12(b)(6) ........................................................................................................... 6

**DEFENDANT'S NOTICE OF MOTION AND MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS
CASE NO.: 2:25-CV-05275-JAK-AJR**

COOLEY LLP
ATTORNEYS AT LAW

## NOTICE OF MOTION AND MOTION

## TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on September 28, 2026, or as soon thereafter as this matter may be heard, Defendant Midjourney Inc. ("Midjourney") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(c) and Local Rule 7-4, for partial judgment on the pleadings.

This Motion is based on this Notice and Motion, the Memorandum of Points and Authorities, the briefing, declarations, and any other documents and evidence that the Court may receive at or before the hearing.

This Motion is made following the letters and conference of counsel pursuant to L.R. 7-3, which took place from April 27, 2026 to June 3, 2026.


Dated: July 21, 2026                     COOLEY LLP


                                         /s/ Bobby A. Ghajar
                                         Bobby A. Ghajar
                                         John Paul Oleksiuk
                                         Judd Lauter
                                         Stephanie Schuyler
                                         Kayla Blaker

                                         *Counsel for Defendant Midjourney, Inc.*

COOLEY LLP
ATTORNEYS AT LAW

DEFENDANT'S NOTICE OF MOTION AND MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS
CASE NO.: 2:25-CV-05275-JAK-AJR

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12(c) and Civil Local Rule 7-4, Defendant Midjourney, Inc. ("Midjourney") moves for partial judgment on the pleadings dismissing all contributory copyright infringement claims asserted within Plaintiffs' Second Claim for Relief in each Complaint, with prejudice.

## I.    INTRODUCTION.

For years, Midjourney's namesake image and video generation platform has been used to create breathtaking, creative, and imaginative images that never existed before.  Like other diffusion models, Midjourney's models had to be trained on hundreds of millions of diverse images to learn relationships between words and visual concepts.  Plaintiffs, three groups representing the largest entertainment companies in the world, filed lawsuits complaining that downloading and using screenshots and short clips of their film and television series to train AI models is copyright infringement, and further, that Midjourney is directly or "secondarily" liable when its users create images that resemble Plaintiffs' characters (e.g. Darth Vader, Batman, or Minions).  Midjourney disputes these claims and will establish how its highly transformative use of images and video is a quintessential "fair use" and why it cannot be liable for the prompts and outputs created by its users, some of whom include *Plaintiffs'* employees and their agents.

For now, the focus of this motion is Plaintiffs' omnibus "secondary copyright infringement" claim.  That "claim" is, in fact, two distinct claims: one for contributory infringement and the other for vicarious infringement.  Plaintiffs have commingled them under one label, but vicarious and contributory infringement are independent doctrines with different elements.  And, following the Supreme Court's recent decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959 (2026), which clarified the standard for contributory infringement, that claim fails as a matter of law.

*Cox* reinforces and expands the principle that an online service provider cannot

be held contributorily liable for copyright infringement merely because some users exploit its service for that purpose. The decision holds that a service provider is contributorily liable for a user's infringement only if it *intended* its service to be used for infringement; and that intent can be shown only through inducement or by demonstrating that the service is "tailored to infringement." *Id.* at 967. The *Cox* opinion thus repudiates prior jurisprudence permitting contributory infringement based on a defendant's knowledge of infringement coupled with "material contribution" or a failure to take reasonable steps to prevent it. The Plaintiffs' non-conclusory allegations of contributory infringement rest squarely on this now-foreclosed theory.

Following *Cox,* Midjourney wrote to Plaintiffs and explained why they must drop their contributory infringement claim. In response, Plaintiffs conceded that they can no longer pursue contributory infringement predicated on "material contribution," but refused to withdraw the entirety of the claim—insisting that their pleadings state a contributory infringement claim under an "inducement" theory. They do not. Neither Complaint alleges the type of conduct required to plausibly state a claim for inducement, namely, affirmative encouragement of others to infringe.

Accordingly, Midjourney moves under Federal Rule of Civil Procedure 12(c) for partial judgment on the pleadings as to Plaintiffs' contributory copyright infringement claim. This motion does not ask the Court to adjudicate Plaintiffs' direct infringement claim or vicarious liability claim. It seeks only to limit Plaintiffs' claims to those that, post *Cox*, are plausibly pleaded, and to avoid unnecessary fact and expert discovery, summary judgment motions, and trial presentation time on a contributory infringement claim that is legally untenable.

Cooley LLP
Attorneys at Law

3

Defendant's Notice of Motion and Motion
for Partial Judgment on the Pleadings
Case No.: 2:25-cv-05275-JAK-AJR

## II.    FACTUAL AND LEGAL BACKGROUND.

### A.    Plaintiffs Commingle Two Distinct Secondary Infringement Claims Within a Single Claim.

There are two operative Complaints in this case.  One filed by Disney Enterprises, Inc., Marvel Characters, Inc., MVL Film Finance LLC, Lucasfilm Ltd. LLC, Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, And Dreamworks Animation LLC, ("Disney/NBCUniversal") and the other by Warner Bros. Entertainment Inc., DC Comics, Turner Entertainment Co., Hanna-Barbera Productions, Inc., and The Cartoon Network, Inc. ("Warner Bros. Discovery") (together "Complaints").  Both ostensibly allege two claims: "Direct Copyright Infringement" (First Claim for Relief) and "Secondary Copyright Infringement" (Second Claim for Relief).  Disney Enterprises, Inc., et al. Compl., Case No. 25-5275, Dkt.  No. 1 ("Disney Compl.") ¶¶ 202-235; Warner Bros. Entertainment, Inc., et al. Compl., Case No. 25-8376, Dkt. No. 1 ("Warner Compl.") ¶¶ 165-187.

Plaintiffs plead "secondary liability" in the alternative, on the premise that if Midjourney is not directly responsible for the challenged user-generated outputs, then Midjourney's subscribers are direct infringers and Midjourney is derivatively culpable for their acts.  Disney Compl. ¶¶ 213-214; Warner Compl. ¶¶ 165-166.  In the context of copyright infringement, secondary liability is premised on contributory or vicarious infringement.  Rather than separately pleading contributory and vicarious infringement, however, Plaintiffs collapsed them under a single heading. Disney Compl. ¶¶ 212-235; Warner Compl. ¶¶ 164-187.

Specifically, the Complaints allege that Midjourney contributorily infringes because it "knowingly and **materially contributes to**, encourages, and induces" infringement. Disney Compl. ¶ 224; Warner Compl. ¶ 176 (emphasis added).  They also allege that Midjourney has specific knowledge of, or is willfully blind to, the infringement occurring through its service, based on cease-and-desist letters from the

Disney/NBCUniversal Plaintiffs in the year preceding the Complaint, the fact that user images are posted to a publicly available "Explore" page (explained *infra* at § II.B), and media coverage of Midjourney's alleged infringing capabilities. Disney Compl. ¶ 225; Warner Compl. ¶ 177.  The Complaints also allege that Midjourney "**specifically designed its [service]** to encourage, contribute to and induce" the reproduction and distribution of copyrighted works.  Disney Compl. ¶ 226; Warner Compl. ¶ 178 (emphasis added).  In support of this allegation, Plaintiffs again point to the Midjourney Explore page and its "search functionality" (discussed below) which can, they say, display user-generated images corresponding to Plaintiffs' characters, among other images.  Disney Compl. ¶¶ 79, 133-167; Warner Compl. ¶¶ 133-142. The Warner Plaintiffs further allege that "videos" generated by Midjourney users are publicly displayed and performed on "Midjourney TV," a 24/7 video stream, but importantly, do not plead that *any* allegedly infringing content has appeared on the Midjourney TV live feed.  Warner Compl. ¶ 6.

### B. Midjourney's Explore Page Allows Users to View and Search for Others' Images.

Midjourney's Explore page features heavily in the Complaints.  Plaintiffs characterize it as "intended to advertise" Midjourney's ability to reproduce Plaintiffs' works and posit that Midjourney supposedly "encourages" infringement by including user prompts alongside their images.  *Compare* Disney Compl. ¶¶ 133-165, *with* Disney Compl. ¶¶ 79, 166-168; *compare* Warner Compl. ¶¶ 133, 135, 137-140, *with* Warner Compl. ¶¶ 70, 141-142.  Plaintiffs also assert, "[o]n information and belief," that Midjourney "curates and presents" images that infringe Plaintiffs' works within users' search results on the Explore Page, but do not elaborate on what they mean by "curation."  Disney Compl. ¶¶ 133, 168; Warner Compl. ¶ 136.

The Explore page is the landing page for a user when they log in to their Midjourney account on the Midjourney website. Declaration of Judd Lauter ("Lauter

Decl.") ¶ 3.[1]  It functions as a gallery for images created by other users.  *Id*.  The images that appear by default on the Explore page are displayed based on dynamic criteria, such as "top" images of the "day," or "random" images. *Id*., Exs. A-B; *see, e.g.*, Disney Compl. ¶¶ 134-165 (displaying images of searches performed on the Explore feature with the tabs "Random," "Hot," "Top Day," and "Likes" visible); Warner Compl. ¶¶ 135-140 (same).

At the top of the Explore page, there is a text field for users to search across all publicly accessible Midjourney user images by keyword, as opposed to just those images featured on the default Explore page.  Lauter Decl. ¶ 6.  As indicated by the screenshots in the Complaints (*see* Disney Compl. ¶¶ 134-165; Warner Compl. ¶¶ 135-140), this "search functionality" simply returns user-generated images matching whatever term a user enters—whether that be "sunset," *Id.* at ¶ 7, Ex. C, "dragon", *Id.* at ¶ 8 Ex. D, or a character name.  The user dictates the results of a search, like any text-based online search feature.  *Id.* at ¶ 6.

---

[1] As with a motion brought pursuant to Rule 12(b)(6), in deciding a motion under Rule 12(c), a court may "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion…. into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (quoting *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002)). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.  Accord. Live Nation Ent., Inc. v. Factory Mut. Ins. Co.*, 2022 WL 390712, at *5 (C.D. Cal. Feb. 3, 2022) (Kronstadt, J.).  The Midjourney Explore page and search feature are so incorporated, or else are subject to judicial notice.  *See Lammey v. CBM Two Hotels, L.P*, 2022 WL 22805525, at *2 (C.D. Cal. July 8, 2022) (judicially noticing website landing page and descriptions thereon) (Kronstadt, J.). *See also*, *D.B., et al. v. Bellesa Enters. US, Inc.*, 2026 WL 2058427, at *3 (C.D. Cal. July 14, 2026) (taking judicial notice of publicly accessible contents of website) (Kronstadt, J.).

COOLEY LLP
ATTORNEYS AT LAW

DEFENDANT'S NOTICE OF MOTION AND MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS
CASE NO.: 2:25-CV-05275-JAK-AJR



Warner Compl. ¶ 137



Disney Compl. ¶ 144.

Clicking on an image directs users to a separate page dedicated to that image, which shows the prompt and settings used to generate the image and the username of the user responsible for the image.  Lauter Decl. ¶ 9.



Lauter Decl. ¶ 10, Ex. E.

The Complaints are notable for what they do ***not*** allege.  They do not allege a single instance in which any of the Plaintiffs' asserted works appeared by default in the gallery on the Explore page.  Other than their characterization of the Explore page and search features as "advertising," they also do not allege that Midjourney has ever promoted images that allegedly infringe Plaintiffs' asserted works.  And they do not allege that Midjourney has ever suggested search terms containing Plaintiffs' character names to users.

### C.   *Cox* and the Elimination of the "Material Contribution" Framework

On March 25, 2026, the Supreme Court issued its decision in *Cox*, which concerned whether an internet service provider may be held contributorily liable for copyright infringement by continuing to provide internet access to subscribers it knows have engaged in infringement.  Before *Cox*, many courts, including the Ninth Circuit, had recognized contributory infringement where a party (1) knew of direct infringement by a customer; and (2) either induced, caused (by virtue of providing a service designed for infringement), or materially contributed to the infringing conduct.  *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013).  Courts consider these theories separately:

***Inducement.***  A plaintiff must demonstrate that the defendant intentionally took "active steps . . . to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, shows an affirmative intent that the product be used to infringe" *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 915 (2005).  There must be evidence that the defendant "itself promoted its product 'with the object' of infringing copyright." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 672 (9th Cir. 2017).

***Tailoring.***  To the extent that a Plaintiff asserts that the mere offering of a product or service gives rise to contributory infringement, it must show that the product or service is "unsuited for any commercial noninfringing use." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 441 (1984) (quotations omitted).

***Material Contribution.***  A plaintiff had to show that the defendant "substantially assist[ed]" with the infringement.  *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 943 (9th Cir. 2011).  For defendants offering online services, the defendant must have "*actual* knowledge that *specific* infringing material is available using its system, and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works."

*Giganews*, 847 F.3d at 671 (quoting *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1172 (9th Cir. 2007)).

In a unanimous decision, the Court held in *Cox* that a service provider is contributorily liable for a user's infringement **only** if it **intended** the service to be used for infringement, and, in turn, that the requisite intent can be shown **only** through inducement or by demonstrating that the service is "tailored to infringement." 146 S. Ct. at 967. The *Cox* decision accordingly rejected liability based merely on knowledge and inadequate preventative measures. *Id.* at 969. Already, courts have heeded this narrowing of the application of contributory liability to copyright claims. *See, e.g.*, *Art Recs. LLC v. YouTube LLC*, 2026 WL 1669167, at *2 (N.D. Cal. June 9, 2026) (emphasizing that the inducement and service-tailored-to-infringement theories are the only ways the intent for contributory infringement can be shown); *Eight Mile Style, LLC v. Meta Platforms, Inc.*, 2026 WL 1735026, at *4 (E.D. Mich. June 16, 2026) (recognizing that, after *Cox*, there are only "two independent means of establishing the intent required for contributory liability").

**D.     In spite of *Cox*, Plaintiffs Refuse to Narrow Their Pleadings While Conceding "Material Contribution" Is No Longer Viable.**

On April 27, 2026, Midjourney sent a detailed letter to Plaintiffs requesting that they affirmatively withdraw all contributory infringement claims. Lauter Decl. ¶¶ 11-12, Ex. F. Midjourney explained that *Cox* foreclosed the material-contribution theory, that the Complaints did not allege the purposeful and culpable conduct required for inducement, and that Midjourney's service is plainly not tailored to infringement. *Id.*

Plaintiffs responded on May 7, 2026, and confirmed that "they are no longer pursuing a contributory infringement claim based on allegations that Midjourney knowingly and materially contributed to copyright infringement." Lauter Decl. ¶¶ 13-14, Ex. G. To avoid any later retreading or reimagination of that theory—or discovery related to it—and to altogether eliminate that claim from the case,

Midjourney asked Plaintiffs to amend their pleadings or stipulate to dismissal of contributory infringement.  Plaintiffs deemed it unnecessary to do so and doubled down on their non-material contribution theory based on so-called "inducement."  Prompted for the factual basis of the latter, Plaintiffs pointed principally to the "Explore" page functionality described above. *Id.*; *supra* at 5-8.

Midjourney again asked that Plaintiffs drop their contributory infringement claim in its entirety.  Lauter Decl. ¶ 15, Ex. H.  The parties then met and conferred on June 3, 2026 (*id.* ¶ 16), during which Plaintiffs still refused to voluntarily amend or stipulate to dismissal of the contributory claim, despite having conceded that at least the "material contribution" theory was untenable. *Id.* at ¶ 16.  During the call, Plaintiffs also characterized their contributory infringement claim as a "catchall" or "backup" to their primary claim: direct infringement. *Id.* at ¶ 17.

### E.    The Current Case Schedule

On July 15, 2026, the Court entered a stipulated modification of the case schedule, moving the fact discovery cut-off to January 2027 and the summary judgment deadline to April 26, 2027.  Dkt.  130.

## III.    LEGAL STANDARD.

Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Rule 12(h)(2)(B) permits a party to argue that Plaintiffs fail to state a claim by a Rule 12(c) motion.  Fed. R. Civ. P. 12(h)(2)(B).

A motion under Rule 12(c) is considered "functionally identical" to a motion under Rule 12(b)(6). *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (citing *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).  Accordingly, judgment on the pleadings should be entered when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In assessing plausibility, the Court need not "accept as true allegations that contradict exhibits attached to the Complaint

or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013) (same). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). A court should deny leave to amend when "amendment would be futile." *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006) (citation omitted).

## IV.   ARGUMENT.

The Supreme Court has long been "mindful of the need to keep from trenching on regular commerce or discouraging the development of technologies with lawful and unlawful potential." *Grokster*, 545 U.S. at 937. In that spirit, the Court made clear in *Cox* that "contributory liability cannot rest only on a provider's knowledge of infringement and insufficient action to prevent it." 146 S. Ct. at 969. Instead, contributory infringement requires that the provider *intended* its service to be used for infringement. *Id.* at 964. Intent may be established only through evidence of deliberate encouragement (inducement) or by showing that the service is incapable of substantial noninfringing uses (tailoring). *Id*. Neither Complaint alleges the type of affirmative conduct that *Cox* requires to support a contributory infringement claim.

### A.   The Court Should Evaluate Plaintiffs' Contributory Infringement Claim Separately from the Vicarious Infringement Claim.

Although Rule 12(c) "does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to individual causes of action," i.e., individual claims. *Mays v. Wal-Mart Stores, Inc.*, 354 F. Supp. 3d 1136, 1141 (C.D. Cal. 2019) (quoting *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005)). *Accord*. *Lang Van, Inc. v. VNG Corp.*, 2024 WL 5275645, at *2 (C.D. Cal. Oct. 2, 2024). The Ninth Circuit has

explained that "[w]hat constitutes an individual 'claim' is not well defined in our law," but, "at minimum refers to a set of facts giving rise to legal rights in the claimant." *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574-75 (9th Cir. 2018) (citation modified).  For example, in the context of Rule 54(b), the Ninth Circuit has recognized that discrete claims may share overlapping facts and arise out of the same transaction or occurrence; what makes them independent is that "each requires a factual showing not required by the other." *Id.* at 575.

Here, Plaintiffs' contributory infringement claim cannot evade dismissal just because Plaintiffs made a tactical decision to lump it together with vicarious infringement under a single count.  It is well-settled that "[c]ontributory and vicarious copyright infringement are  two different doctrines  of  liability,"  with  distinct elements. *Kuhmstedt v. Enttech Media Grp., LLC*, 2022 WL 1769126, at *3 (C.D. Cal. Apr. 11, 2022) (citing *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004)).  Contributory infringement requires that a defendant  intended its service to be used for infringement, as shown either through active inducement or by providing a service tailored to infringement (*Cox*, 146 S. Ct. at 967, discussed below); whereas "[a] defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from another's infringing activity and has the right and ability to supervise the infringing activity." *Ellison*, 357 F.3d at 1076 (citation modified).

Ordinarily, plaintiffs plead these distinct claims as separate "counts," and courts, including those in the Central District of California, consider them separately – dismissing one but not the other when warranted. *See, e.g.*, *Thomson v. HMC Grp.*, 2014 WL 12589312, at *4-6 (C.D. Cal. Feb. 18, 2014) (evaluating and dismissing vicarious infringement claim in Section B and evaluating and upholding contributory infringement claim in Section C); *Unicolors, Inc. v. H&M Hennes & Mauritz LP*, 2016 WL 10646311, at *6 (C.D. Cal. Aug. 12, 2016) (assessing contributory and vicarious infringement separately and subsequently dismissing the vicarious liability claim but not the contributory infringement claim).

Cooley LLP
Attorneys at Law

13

Defendant's Notice of Motion and Motion
for Partial Judgment on the Pleadings
Case No.: 2:25-cv-05275-JAK-AJR

A judgment eliminating contributory infringement independently of Plaintiffs' vicarious infringement claim is therefore appropriate.  It would resolve a discrete and legally independent basis for liability, thereby preserving judicial and party resources by narrowing the scope of remaining discovery, dispositive motion practice, and trial presentation.  "To conclude otherwise would permit plaintiffs to evade Rule 12 by combining multiple claims into a single cause of action." *Solis v. Am. Airlines, Inc.*, 2021 WL 4893247, at *2 (C.D. Cal. July 27, 2021).

**B.    The Complaints Fail to State a Claim for Contributory Infringement Based on a "Material Contribution" Theory**

As explained above, *Cox* eliminated contributory liability under a "material-contribution" theory. 146 S. Ct. at 967, 969.   Here, Plaintiffs' contributory infringement claim is primarily premised on this foreclosed doctrine.   The Complaints allege that Midjourney "knowingly and ***materially contributes to***, encourages, and induces" infringement, Disney Compl. ¶ 224; Warner Compl. ¶ 176 (emphasis added); that Midjourney "has the ***means to take simple steps not to materially contribute*** to the specific infringing activity but fails to do so," Disney Compl. ¶ 227; Warner Compl. ¶ 179 (emphasis added); and that Midjourney actively facilitates the ongoing infringement through its actions "***[i]nstead of taking simple, available steps to not materially contribute***," Disney Compl. ¶ 228, Warner Compl. ¶ 180 (emphasis added).  These allegations, among others, track the knowledge-plus-failure-to-act framework flatly rejected by *Cox*.  To the extent it is premised on this theory, Plaintiffs' contributory infringement claim accordingly fails as a matter of law.

Plaintiffs themselves acknowledge that their material contribution theory is no longer viable (Lauter Decl. ¶¶ 13-16), but refused to formally dismiss it from the case.  That refusal raises a real concern: Plaintiffs may seek to revive the theory or pursue discovery related to it.  Indeed, Plaintiffs contend throughout the Complaints that Midjourney could or should have implemented steps to limit user outputs and

Cooley LLP
Attorneys at Law

14

Defendant's Notice of Motion and Motion
for Partial Judgment on the Pleadings
Case No.: 2:25-cv-05275-JAK-AJR

have sought extensive discovery on this point.  For avoidance of doubt, and to eliminate discovery and future motion practice directed at an untenable theory, the claim should be dismissed with prejudice.

### C.    The Complaints Do Not and Cannot Plead that Midjourney's Service Is "Tailored to Infringement."

Plaintiffs do not (and cannot in good faith)[2] allege that Midjourney's service is tailored to infringement, i.e., that it lacks substantial non-infringing uses.  To the extent that they suggest otherwise (*e.g.*, Disney Compl. ¶¶ 1, 121, 226, 231; Warner Compl. ¶ 97, 178), the pleadings fail to satisfy the standard confirmed by *Cox*.

For liability to attach under the tailoring theory, a service must be designed for the purpose of infringement—that is, it must be "[in]capable of 'substantial' or 'commercially significant' noninfringing uses."  *Cox*, 146 S. Ct. at 967 (quoting *Grokster*, 545 U.S. at 942).  It is not enough for a service to merely be capable of being misused, even if the seller knows that some customers will use it to infringe. *Id.* at 968.

As Plaintiffs must concede, and as a matter of law, Midjourney's service is more than capable of commercially significant non-infringing uses.  As noted above, for example, Plaintiffs have not alleged a single instance in which the Explore page has displayed a purportedly infringing image by default.  It is even implicit in Plaintiffs' argument that Midjourney has the ability to block allegedly infringing outputs that the service is also capable of being used for substantial non-infringing purposes as well.  Thus, the Court should also dismiss with prejudice Plaintiffs' contributory infringement claim to the extent Plaintiffs contend that it is based on a "tailoring" theory.

---

[2] Midjourney asked Plaintiffs to identify whether they "contend the service lacks substantial noninfringing uses, and if so, the basis for such contention". Lauter Decl. ¶ 11. In their reply, Plaintiffs did not respond to this request. *Id.* at ¶ 13, Ex. G.

**D.    The Complaints Fail to State a Claim for Contributory Infringement by Inducement.**

"[A]s enunciated in *Grokster III*," contributory infringement by inducement "has four elements: (1) the distribution of a device or product, (2) acts of infringement, (3) an object of promoting its use to infringe copyright, and (4) causation." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013). Proving the third element "requires a **high degree** of proof of the improper object" of the alleged infringer. *Id.* at 1034 (emphasis added). The improper purpose must be demonstrated through "clear expression or other affirmative steps" that make the improper purpose "plain." *Id.* As to the fourth element, there must be a causal relationship between the alleged promotion of infringing uses and acts of direct infringement of a plaintiff's works. *Id.*

The Complaints plead that Midjourney operates a service through which acts of infringement occur, Disney Compl. ¶¶ 215-216, Warner Compl. ¶¶ 166-167; that the Midjourney platform includes an "Explore" feature on which other users' images can be viewed (Lauter Decl. ¶¶ 3-10); and that allegedly infringing images are manually searchable via that feature. *See e.g.*, Disney Compl. ¶¶ 134-165, Warner Compl. ¶¶ 135-140. But that is not inducement. Plaintiffs have not alleged, and cannot allege, any facts supporting that Midjourney took affirmative steps to promote infringement via an inducing message, such as an advertisement or solicitation to infringe, let alone one that caused any Midjourney user to infringe *Plaintiffs'* copyrighted works.

**1.    The Complaints Do Not Allege an Inducing Message.**

Inducement liability attaches only when a party "**actively encourages infringement through specific acts**." *Cox*, 146 S. Ct. at 967 (2026) (citing *Grokster*, 545 U.S. at 942) (emphasis added). That encouragement may be "implicit or explicit," but the inducing message must "be 'clear' to the relevant audience and 'affirmative.'" *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.,* 146 S. Ct. 1391

(2026) (quoting *Grokster*, 545 U.S. at 937); *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 801 (9th Cir. 2007) (explaining that "it is crucial" for plaintiffs "to establish that the [service provider] communicated an inducing message to their users") (citation modified). Accordingly, "mere omissions, inactions, or nonfeasance" cannot be relied upon to allege inducement, *Hikma*, 146 S. Ct. at 1402 (citation omitted), and a complaint that does no more than allege "'ordinary acts incident to' [a party's] operation of its website" fails to state a claim for relief. *Nat'l Photo Grp., LLC v. Allvoices, Inc.*, 2014 WL 280391, at *7 (N.D. Cal. Jan. 24, 2014) (dismissing inducement claim premised on ability of users to share infringing images on social media) (citing *Grokster*, 545 U.S. at 937).

In practice, courts applying these principles have found inducement in circumstances where defendants unambiguously promoted infringing uses of a service, or provided direct assistance to users seeking to exploit copyrighted works. In *Grokster*, for example, the Supreme Court described "[t]he classic instance of inducement" as premised on an "advertisement or solicitation that broadcasts a message designed to stimulate others to commit violations." *Grokster*, 545 U.S. at 916. There, the Court found inducement liability was supported by, among other things, evidence that the defendants advertised their service in a manner that "would readily have been understood in the Napster market as the ability to download copyrighted music files." *Id.* at 938. There was also evidence of the defendants having affirmatively assisted their users with locating and using infringing materials, and internal communications reflecting their intent to encourage infringement. *Id.*

Similarly, in *Fung*, the Ninth Circuit affirmed a summary judgment finding of inducement based on evidence that the defendant had explicitly invited users of his website to upload files ("torrents") that enabled others to engage in unauthorized peer-to-peer sharing of copyrighted films. 710 F.3d at 1036. The Ninth Circuit further observed that "[t]he record is replete with instances of Fung responding personally to queries for assistance in: uploading torrent files corresponding to

obviously copyrighted material, finding particular copyrighted movies and television shows, getting pirated material to play properly, and burning the infringing content onto DVDs for playback on televisions." *Id.* Other courts have also found inducement on similar facts. *See, e.g., Universal City Studios Prods. LLLP v. TickBox TV LLC*, 2018 WL 1568698, at *10 (C.D. Cal. Jan. 30, 2018) (finding inducement where defendant ran advertisements with explicit language such as: "enjoy unlimited access to ALL the hottest TV shows, Hollywood blockbusters and LIVE sporting events in one convenient little device ... ABSOLUTELY FREE"); *David v. CBS Interactive Inc.*, 2012 WL 12884914, at *5 (C.D. Cal. Jul. 13, 2012) (finding inducement where defendants (1) posted videos demonstrating how to use their programs to search for copyrighted songs and (2) published articles and how-to guides referencing services like Napster, LimeWire, and the downloading of copyrighted material).

Conversely, courts consistently hold that content-neutral actions and website features do not amount to an inducing message. Although the Ninth Circuit affirmed inducement liability in *Fung*, it cautioned that the defendant's organizing "files in browsable categories or us[ing] an automated indexing program that matched filenames with specific terms . . . do not themselves send the type of inducing 'message' that would be adequate to prove an unlawful intent." *Fung,* 710 F.3d at 1036 n.13. And in *VHT, Inc. v. Zillow Grp., Inc.*, the Ninth Circuit affirmed the rejection of an inducement claim leveled against Zillow, a web platform for real estate listings and home design, holding that "generally applicable tools and messages for users" to save photos did not "promote . . . the use of [the platform] specifically to infringe copyrights." 918 F.3d 723, 746 (9th Cir. 2019) (citation omitted). *See also*, *Giganews*, 847 F.3d at 672 (reference in advertisements to general platform features does not indicate promotion of a product "with the object" of infringing copyright).

The principle that content-neutral service features do not, in and of themselves,

send an inducing message has been further cemented by recent Supreme Court authority. In *Cox*, the Court clarified that contributory liability cannot rest on a service provider's passive tolerance of infringement. 146 S. Ct. at 968. And in *Hikma*, the Court reaffirmed that ordinary acts incident to product distribution, however suggestive, are also insufficient. 146 S. Ct. at 1398-99. There, the plaintiff alleged that the defendant induced infringement of its patented drug-use method through the totality of statements across a generic drug label, patient information leaflet, website, and press releases—arguing that, read together, they encouraged healthcare providers to prescribe the generic for a patented indication. *Id*. The Federal Circuit concluded that this was sufficient to state a claim for inducement, but the Supreme Court reversed and remanded. *Id*. Drawing on its holdings in *Grokster* and *Cox*, and applying the notice pleading standard established in *Iqbal*, the Court determined that such allegations amounted to no more than a possibility of inducement, explaining that "statements *designed* to stimulate others [to infringe] form a narrower category than statements that *could* stimulate others." *Id*. at 1400; *see Iqbal*, 556 U.S. at 678 (holding that plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."). Allegations of vague statements, omissions, inaction, nonfeasance, or speculation about how others may act, without more, are therefore insufficient to state a claim for inducement. *Hikma*, 146 S. Ct. at 1401-02.

Thus, Plaintiffs' apparent theory of inducement is premised on precisely the kind of ordinary, incidental acts that, as a matter of law, cannot support inducement liability: Midjourney's provision of a content-neutral user gallery and search function. Midjourney's Explore gallery is algorithmically populated with other users' images under categories like "For You," "Random," and "Top," and within it is a text field that allows for semantic searching across all public images—not unlike the search bars on Instagram or TikTok. *See supra* at 5-8. On their face, both the gallery and search function are general purpose features that apply to Midjourney

user images generally, the vast majority of which have nothing to do with Plaintiffs' copyright infringement allegations.  Neither is meaningfully different from the "browsable categories" of files or "automated indexing program that matched filenames with specific terms," that the Ninth Circuit concluded in *Fung* do not send an "inducing message." 710 F.3d at 1036 n.13.  Plaintiffs do not allege even a single instance in which the Explore gallery, by default, displayed an image that infringes any one of their works—every screenshot of the Midjourney website in the Complaints is from a manual search that Plaintiffs performed using the names of their alleged characters.  Disney Compl. ¶¶ 134-165; Warner Compl. ¶¶ 135-140.  And even if they had alleged that their characters appeared in the default gallery, the *possibility* that a user browsing the gallery *might* be inspired to generate a similar image falls far short of an inducing message—one that must be affirmatively "*designed* to stimulate others" to infringe, not merely capable of doing so.  *Hikma*, 146 S. Ct. at 1400.

### 2. The Complaints Fail to Plausibly Plead a Causal Link Between the Explore Page and Alleged Infringement of Plaintiffs' Works.

Separately, even if the Court were to construe Midjourney's content neutral Explore feature as communicating an inducing message, which it does not, Plaintiffs were still required to plausibly plead a causal link between the feature and infringement of **their** works.  *See Grokster*, 545 U.S. at 936-37; *Fung*, 710 F.3d at 1032.  There are no such allegations in the Complaints.

The Complaints imply that Midjourney's Explore feature is routinely populated with user creations that allegedly infringe their works (*see e.g.*, Disney Compl. ¶ 133; Warner Compl. ¶ 133-136), but do not cite even one instance of this having occurred.  To the contrary, the Complaints are conspicuously devoid of any examples of an image or video depicting any one of the Plaintiffs' asserted works (e.g., "Batman," "Yoda," etc.), let alone **all** of the asserted works, appearing on the default Explore gallery as a "For You," "Random," or "Top" image.  As noted above,

Cooley LLP
Attorneys at Law

20

Defendant's Notice of Motion and Motion
for Partial Judgment on the Pleadings
Case No.: 2:25-cv-05275-JAK-AJR

the only examples that Plaintiffs have identified are from manual searches that *they themselves* performed (*see* Disney Compl. ¶¶ 134-165; Warner Compl. ¶¶ 135-140).[3] Thus, even if the Explore page could be regarded as encouraging infringement of works appearing within it, Plaintiffs do not allege any facts connecting the feature to their works, let alone infringement of those works by a Midjourney user.  This failure to plausibly plead causation is an independent basis for dismissal.

## V.    CONCLUSION.

For the foregoing reasons, Midjourney respectfully requests that the Court enter partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c) dismissing the contributory infringement claims asserted within Plaintiffs' Second Claim for Relief in each Complaint, with prejudice.  Dismissing the contributory infringement claims now will conserve judicial and party resources by narrowing discovery, dispositive motion practice, and trial time directed at claims that are legally insufficient as a matter of law.

Because no amendment to Plaintiffs' pleadings could cure these deficiencies— the material contribution theory is foreclosed by binding Supreme Court precedent, and no plausible set of facts can support either inducement or tailoring—leave to amend should be denied.

Dated:   July 21, 2026                              COOLEY LLP

By: _____
Bobby Ghajar
John Paul Oleksiuk
Judd Lauter
Stephanie Schuyler
Kayla Blaker

*Counsel for Defendant Midjourney, Inc.*

---

[3] As discussed above, the search functionality, which a user controls, should not be conflated with the default Explore page, which users do not control.  Neither communicates an inducing message, but the search functionality least of all.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Midjourney, Inc., certifies that this brief is under 25 pages, which complies with the page limit contained in Section 9(d) of this Court's Standing Orders for Civil Cases.


Dated:   July 21, 2026                          COOLEY LLP


                                    By: */s/* Bobby Ghajar
                                        Bobby Ghajar
                                        John Paul Oleksiuk
                                        Judd Lauter
                                        Stephanie Schuyler
                                        Kayla Blaker

                                        *Counsel for Defendant Midjourney, Inc.*

COOLEY LLP
ATTORNEYS AT LAW

22

DEFENDANT'S NOTICE OF MOTION AND MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS
CASE NO.: 2:25-CV-05275-JAK-AJR