## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05275-JAK-AJR | Date | August 4, 2026 |
| Title | Disney Enterprises, Inc., et al. v. Midjourney Inc. | | |

| | |
|---|---|
| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |

| A. Silva-Elder | C/S 7/31/2026 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
|---|---|
| David R. Singer, Esq.<br>Kara V. Brandeisky, Esq. | Bobby A. Ghajar, Esq.<br>Stephanie J. Schuyler, Esq.<br>John Paul Oleksiuk, Esq.<br>Judd David Lauter, Esq. |

**Proceedings:**   **MINUTES OF INFORMAL DISCOVERY VIDEOCONFERENCE ON JULY 31, 2026**

On July 14, 2026, the Court held an informal discovery conference by Zoom to discuss various discovery disputes. (Dkt. 126.) At the hearing, the Court advised that it was drafting the ruling on Plaintiffs' Motion to Compel filed on June 12, 2026, seeking to compel Defendant to produce a copy of the source code developed to implement the training of Defendant's v8 image model, as well as the "torch-aesthetic-redux" repository. (Dkt. 85 (sealed); Dkt. 87 (redacted).) The Court explained that it was clear based on the evidence and arguments presented by the parties that the source code in dispute was absolutely necessary for Plaintiff to be able to fairly challenge Defendant's defense of fair use. The Court explained that Defendant's arguments to the contrary were directly contradicted by their own arguments in favor of the broad scope of discovery related to their defense of fair use, which the Court had agreed with in certain respects in granting Defendant's prior motion to compel, (Dkt. 88), although the Court recognizes that Defendant's take an <u>even broader</u> view of the scope of discovery than the Court adopted. (Dkt. 112.) Thus, the Court encouraged Defendant to consider agreeing to produce this source code subject to whatever modification to the current source code review protocol that might be needed.

On July 17, 2026, Defendant advised by joint email that while it continued to disagree with the Court's view of Plaintiffs' Motion to Compel, Defendant was willing to agree to produce the source code in dispute subject to agreement on certain modifications to the current protocol for source code review agreed to by the parties. The parties thereafter met and conferred to work out these details and the Court advised that assuming the parties could work this out, the Court would summarily deny Plaintiffs'

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05275-JAK-AJR | Date | August 4, 2026 |
|---|---|---|---|
| Title | Disney Enterprises, Inc., et al. v. Midjourney Inc. | | |

Motion to Compel as moot. Because the parties had not completely agreed upon the terms of a modified source code review protocol, the Court held an informal discovery conference on July 31, 2026 to attempt to resolve the remaining dispute.

Based on the discussion with the parties at the July 31, 2026 informal discovery conference, the Court believes there are four modifications to the current source code review protocol sought by the parties that would apply only to the particular source code that is the subject of Plaintiffs' Motion to Compel. First, Defendant wants to limit Plaintiffs' review of this particular source code such that only three specific experts would have access to review the source code. Plaintiffs have agreed to this in recognition of the sensitivity of this particular source code. However, the second point is that Plaintiffs want to make sure that their three experts can use their knowledge of the source code to prepare Plaintiffs' case and therefore proposed specific language on what these experts were allowed to do. Defendant agreed to Plaintiffs' proposed language. Third, Defendant wants confirmation that the three experts are still subject to the obligations and enforcement of the addendum to the Stipulated Protective Order. The Court confirmed that Plaintiffs' experts would still be subject to the obligations and enforcement of the addendum to the Stipulated Protective Order and therefore, if Defendant would like redundant language to confirm this obligation, the Court views that as harmless so long as the language does not impose any additional obligation, and encouraged Plaintiffs to agree to any such harmless language. Thus, the Court believes these first three points are essentially agreed to and not in dispute.

The dispute is the fourth modification sought by Defendant. Defendant for the first time contends that for this particular source code that is the subject of Plaintiffs' Motion to Compel, Defendant should not have to produce the revision history. Defendant asserts that the revision history does not relate solely to the source code in question, but instead relates to the entire repository and therefore producing the revision history would be overbroad because it would include information about the history of the particular source code in question, but also information about other source code. Defendant further suggests without specific supporting detail that it would be unduly burdensome to filter the revision history to provide only information about the source code in question as opposed to other source code.

As an initial matter, Plaintiffs' Motion to Compel clearly sought "a complete copy" of the source code in dispute. (Dkt. 87 at 2.) Plaintiffs' Motion to Compel also sought production of the source code "for inspection under the Protective Order." (Dkt. 87 at 3.) The Stipulated Protective Order states unambiguously, that "Each Source Code Computer

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05275-JAK-AJR | Date | August 4, 2026 |
|---|---|---|---|
| Title | Disney Enterprises, Inc., et al. v. Midjourney Inc. | | |

shall include in the complete set of source code that the Producing Party agreed to produce made available for review in a text-searchable file format, and, to the extent practicable, <u>as it is kept within the native source code revision system (e.g., Git), including all revision history, in the ordinary course of business</u>." (Dkt. 46 at 15 (emphasis added).) Indeed, the Stipulated Protective Order defines the term "HIGHLY CONFIDENTIAL – SOURCE CODE" to mean "extremely sensitive information or items representing computer code <u>and associated comments and revision histories</u>, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." (<u>Id.</u> at 4 (emphasis added).) Thus, Plaintiffs' Motion to Compel clearly sought the production of revision history. If that were not clear enough, Plaintiffs' Motion to Compel sought to compel responses to Request for Production Nos. 10 and 11. (Dkt. 85-1 at 5; Dkt. 87-4 at 3-4.) These requests for production clearly also sought the production of revision history.

Nowhere in Defendant's Opposition did it argue that it should not have to produce the revision history or that producing the revision history was unduly burdensome. (Dkt. 98 (redacted); Dkt. 100 (sealed).) Accordingly, the Court concludes that any such argument at this point is waived because Defendant failed to raise it in the Opposition. <u>See</u> C.D. Cal. L.R. 7-12. Moreover, Defendant has been producing the revision history for all other source code review in this case and therefore what Defendant proposes here is a break from prior practice that is inconsistent with the agreement of the parties as memorialized in the Stipulated Protective Order. (Dkt. 46.)

Accordingly, the Court intends to grant Plaintiffs' Motion to Compel and specifically compel the production of revision history pursuant to the terms of the Stipulated Protective Order. Given that this item was the only one of four issues where there was any real dispute, Defendant has a clear choice. If Defendant is inclined to agree to the four modifications to the current source code review protocol set forth above, including the revision history, then it should promptly memorialize that agreement with Plaintiffs and the Motion to Compel will be moot. If Defendant is not so inclined, the Court will proceed to complete drafting its ruling and grant the Motion to Compel, including the revision history. The Court has a further informal discovery conference scheduled for August 7, 2026. Defendant can advise the Court at that time whether the Motion to Compel is moot. If not, the Court will move forward accordingly.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05275-JAK-AJR | Date | August 4, 2026 |
|---|---|---|---|
| Title | Disney Enterprises, Inc., et al. v. Midjourney Inc. | | |

For the avoidance of doubt, Defendant is entitled to disagree with the Court's view of the Motion to Compel and so if Defendant wishes to stand on its Opposition, the Court respects Defendant's right to do so.

IT IS SO ORDERED.

0:54