## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-05275-JAK-AJR** | Date | August 7, 2026 |
| Title | Disney Enterprises Inc., et al. v. Midjourney Inc. | | |

| | |
|---|---|
| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |

| | |
|---|---|
| Nicholas Huynh | C/S 8/7/2026 |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
|---|---|
| David R. Singer | Stephanie J. Schuyler |
| Kara V. Brandeisky | John Paul Oleksiuk |
| Zachary A. Marino | Kayla Blaker |
| Julie A. Shepard | |
| Lauren Michelle Greene | |

**Proceedings:**      MINUTES OF INFORMAL DISCOVERY VIDEOCONFERENCE

On August 7, 2026, the Court held an informal discovery conference by Zoom to discuss various discovery disputes.  In advance of the hearing, the parties submitted a robust joint submission of issues and arguments by email.  The Court will refer to the issue numbering and identification from the parties' joint submission.  Based on the discussion with the parties, the Court directed as follows:

**Plaintiffs' Issue No. 1, Training Data Inspection Protocol (Continuation of Dkt. 126) [RFP Nos. 4, 12; ROG No. 3]:**  The parties have made a lot of progress negotiating a protocol for Plaintiffs to use sampling to test search terms that ultimately result in Midjourney producing responsive images and corresponding metadata.  This approach would limit the amount of data ultimately produced, but would require some front-end work by Midjourney's engineers to work through the sampling protocol with Plaintiffs.  The upside for Midjourney, however, is that Plaintiffs would bear the cost of hosting any data ultimately produced.  Despite the progress, Midjourney still has not agreed to all of the terms and primarily seems to object to the back and forth that will be required to implement the sampling protocol based on the time expenditure that will be required from Midjourney's engineers.

Midjourney instead proposes that they simply produce a copy of all of the data so that Plaintiffs can have free reign to run searches and otherwise explore the data.  This would be less burdensome on Midjourney's engineers but incredibly costly.  Midjourney estimates that the hosting costs will be $130,000 per month and Midjourney proposes that the parties split this four ways, with the three plaintiff groups each paying one fourth and Midjourney paying one fourth.  Plaintiffs object to anything other than an even split and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | **2:25-cv-05275-JAK-AJR** | Date | August 7, 2026 |
|---|---|---|---|
| Title | Disney Enterprises Inc., et al. v. Midjourney Inc. | | |

still want to try to avoid the cost of hosting so much data.  Plaintiffs proposed a potential middle ground of Midjourney producing a copy of all of the data and paying the full hosting cost for some limited period during which Plaintiffs would be able to run searches and extract the responsive data, then Plaintiffs would bear the expense to host only the responsive data and Midjourney could delete the database of the copy.  Midjourney was interested in exploring this approach and further negotiating.

The Court reiterated its view that the $130,000 monthly hosting cost is entirely avoidable, for example, by Midjourney agreeing to Plaintiffs' sampling protocol (under which Plaintiff has agreed to bear 100% of the hosting costs).  Therefore, if Midjourney elects to simply produce all of the data, then the Court believes the only fair outcome under the applicable rules is to require Midjourney to bear 50% of the cost.  The parties agreed to meet and confer this week to see if they can resolve this issue.  The Court directed the parties to provide a joint status update no later than **August 14, 2026**.  If the parties have an agreement, they can file a stipulation and the Court will sign it.  If not, the parties can submit a joint email with a proposed briefing schedule on a motion to compel where Plaintiffs can seek to compel the production of responsive documents and information pursuant to their proposed sampling protocol.

Also related to this overall issue is the production of Midjourney's training logs.  Midjourney has agreed to produce those irrespective of the global resolution on a sampling protocol or production of all of the data.  Therefore, Midjourney agreed to produce the training logs no later than **August 19, 2026**.

**Plaintiffs' Issue No. 2, Statistical Sampling Protocol for Private Subscriber Prompts and Outputs; Production of Public Prompts and Outputs [Plaintiffs' RFP Nos. 43–45; Midjourney's ROG No. 13]:**  The parties have agreed on a sampling protocol that will be filed no later than **August 10, 2026**.  The only remaining dispute is whether that searches that are contemplated by the protocol will be limited to the roughly 70 characters identified in the operative pleadings or whether discovery should also include the additional 22 characters that Plaintiffs have identified in their discovery responses.  The Court views this as a broader issue related to the scope of discovery.  In other words, does the scope of discovery include additional allegedly infringed works and characters not specifically identified in the pleadings, but identified in Plaintiffs' discovery responses, or is it limited to only those works and characters specifically identified in the operative pleadings.  The Court is prepared to rule on this issue based on the very thorough joint submission of the parties, but will also permit the parties to file a supplemental brief if they so choose.  Midjourney shall have until **August 14, 2026** to

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **2:25-cv-05275-JAK-AJR** | Date | August 7, 2026 |
|---|---|---|---|
| Title | Disney Enterprises Inc., et al. v. Midjourney Inc. | | |

either file a supplemental brief or notify the Court that it stands on the joint submission. If Midjourney files a supplemental brief, Plaintiffs shall have until **August 18, 2026** to file a reply.

**Plaintiffs' Issue No. 3, Midjourney's Compliance with Dkt. 93 [RFP Nos. 11, 15, 17]:**  This issue relates to whether Midjourney has made available certain source code that it agreed to make available for inspection.  Midjourney represented that it had corrected the access issues that Plaintiffs had complained about.  Plaintiffs will direct their experts to review the source code computers and provide an update on whether this issue is resolved.  Therefore, there is no action needed by the Court at this time.

**Plaintiffs' Issue No. 4, Midjourney's Amended First Set Interrogatory Responses [ROG Nos. 1, 2, 4, 7, 10, 14]:**  Midjourney agreed to supplement their interrogatory responses.  Midjourney wants to meet and confer further before doing so, but agreed to ultimately supplement these responses no later than **August 28, 2026**.

**Plaintiffs' Issue No. 5, Schedule for Plaintiffs' July 29, 2026 Deficiency Letters [RFP Nos. 95–149; Document Production Deficiencies]:**  The parties needed to further meet and confer on this dispute.  Midjourney agreed to provide a written response to Plaintiffs' deficiency letter no later than August 14, 2026 and that the parties would then meet and confer during the week of August 17, 2026.  The parties can raise this dispute with the Court again, after that process concludes.

**Midjourney's Issue No. 1, Twentieth Century Fox's Financial Information Pre-Dating the Acquisition:**  Plaintiffs provided an update on the issue raised by Midjourney and Midjourney agreed that the issue was now moot.  Therefore, there is no action needed by the Court.

**Midjourney's Issue No. 2, Disney-OpenAI Licensing Deal Communications:**  Plaintiffs agreed to provide a meaningful response to Midjourney's letter as well as a proposal for resolution no later than August 21, 2026.  The parties can raise this dispute with the Court again, after the meet and confer process concludes.

**Midjourney's Issue No. 3, Documents and Communications Concerning Harm Caused by Generative AI:**  The Court did not reach this issue during the hearing.  The Court will review the joint submission next week and provide an update to the parties on whether it believes the issue is amenable to resolution without a further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | **2:25-cv-05275-JAK-AJR** | Date | August 7, 2026 |
|---|---|---|---|
| Title | Disney Enterprises Inc., et al. v. Midjourney Inc. | | |


hearing or briefing and then the parties can respond as to whether they would like a further hearing or briefing.

**Midjourney's Issue No. 4, Plaintiffs' "Authorized" Limitation on Dataset Downloading RFAs:**  The Court did not reach this issue during the hearing.  The Court will review the joint submission next week and provide an update to the parties on whether it believes the issue is amenable to resolution without a further hearing or briefing and then the parties can respond as to whether they would like a further hearing or briefing.

**Plaintiffs' Motion to Compel Motion Training Source Code for Defendant's v8 Image Model and "Torch-Aesthetic-Redux" Repository (Dkt. 85 (sealed); Dkt. 87 (redacted)):**  In response to the Court's August 4, 2026 Minute Order (Dkt. 146), Midjourney has agreed to Plaintiffs' proposed modifications of the source code review protocol that will apply only to the source code that is the subject of this Motion to Compel. Midjourney will make this source code available to Plaintiff's three-designated experts no later than **August 14, 2026**.  The only potential clarification is that instead of producing the entire "torch-aesthetic-redux" repository, Midjourney has agreed to produce all responsive source code, with revision history, pursuant to the terms of the Stipulated Protective Order and as the source code is kept in the ordinary course of business. Plaintiffs raised concern about whether any other source code in the repository was responsive to Plaintiffs' discovery requests.  Therefore, the Court advised that it would accept Midjourney's proposal to moot the Motion to Compel so long as Midjourney provides a declaration from a person with knowledge clearly stating that the remaining source code in the repository not being produced is not responsive Plaintiffs' Request for Production Nos. 10, 11, or any other discovery request.  The declaration should specifically state that the source code not being produced was not "developed to implement Training of Midjourney AI Models, including but not limited to files reflecting configurations, settings, Training schedules, sampling strategies, data mixture definitions, and data manifests." The declaration should also specifically state that the source code not being produced was not developed to "implement cleaning, filtering, and/or any other curation processes, including but not limited to visual filtering, motion filtering, and content filtering, of items in potential training data to prepare these data for use in training the Midjourney AI Models."  Midjourney agreed to provide this declaration no later than **August 14, 2026** to both counsel and the Court.  To the extent the parties need to execute a protocol to memorialize this agreement, they are directed to do so no later than **August 12, 2026**.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **2:25-cv-05275-JAK-AJR** | Date | August 7, 2026 |
|---|---|---|---|
| Title | Disney Enterprises Inc., et al. v. Midjourney Inc. | | |

**Next Steps:**  The parties agreed to schedule a further informal discovery conference by Zoom for a few weeks out.  The parties will confer amongst themselves and then provide a proposal to the Court.

IT IS SO ORDERED.

|  | 1:25 |
|---|---|
| **Initials of Preparer** | N.H. |