# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-05275-JAK-AJR** | Date | November 9, 2026 |
| Title | Disney Enterprises Inc., et al. v. Midjourney Inc. | | |

| | |
|---|---|
| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |

| | |
|---|---|
| Nicholas Huynh | C/S 11/9/2026 |
| Deputy Clerk | Court Reporter / Recorder |

| | |
|---|---|
| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
| David R. Singer, Esq.<br>Kara V. Brandeisky, Esq.<br>Zachary A. Marino, Esq.<br>Julie A. Shepard, Esq.<br>Lauren Michelle Greene, Esq. | Stephanie J. Schuyler, Esq.<br>John Paul Oleksiuk, Esq.<br>Judd David Lauter, Esq. |

**Proceedings:** **MINUTES OF INFORMAL DISCOVERY VIDEOCONFERENCE AND ORDER SCHEDULING FURTHER INFORMAL DISCOVERY VIDEOCONFERENCE**

On November 9, 2026, the Court held an informal discovery conference by Zoom to discuss various discovery disputes. In advance of the hearing, the parties submitted a joint status letter by email. Based on the discussion with the parties, the Court directed as follows:

**Deposition Scheduling:** The parties agreed to continue meeting and conferring on deposition scheduling. Plaintiffs have requested dates for the depositions of Mr. Holz, Mr. Schickler, and Mr. Kruse. The parties are going to meet and confer on Thursday to discuss this further and Midjourney agreed to propose dates for these deponents at that time. The parties will also be discussing Rule 30(b)(6) deposition topics on Thursday.

**Plaintiffs' Issue No. 1: Midjourney's Compliance with the August 7, 2026 Order Regarding the v8 and "torch-aesthetic-redux" Training Source Code (Dkt. 148 at 4; Dkt. 234 at 3–4) [RFP Nos. 10, 11]:** To address Plaintiffs' concerns with the source code made available to date, Midjourney made available an updated git bundle that included additional information about the structure of the repository and branch history, and a corresponding set of scripts that were used to validate the completeness of the production. This appears to resolve the formatting and file type issues that previously prevented Plaintiffs from analyzing the source code made available. However, with those issues resolved, the core issue remaining is Plaintiffs claim that Midjourney has applied a more narrow responsiveness criteria than they agreed to and that was ordered by the

Court. The Court is optimistic that this dispute over whether Midjourney complied with its agreement and the Court's orders to make available responsive source code can be resolved based on briefing and declarations without the need for an evidentiary hearing.

Therefore, the Court authorized Plaintiffs to file a motion to compel Midjourney's compliance with its prior agreement and the Court's orders. Plaintiffs shall file their opening brief no later than November 20, 2026, Midjourney shall file its opposition no later than December 4, 2026, and Plaintiffs shall file their reply no later than December 11, 2026. The Court encourages Plaintiffs to explain in their opening brief what they believe Midjourney agreed to make available that has not been made available with specific examples, as well as the prejudice to Plaintiffs from the allegedly missing source code/data. The Court encourages Midjourney to clearly articulate the standard of responsiveness it used to select source code and data that was made available for inspection, as well as to address Plaintiffs' specific concerns. The Court encourages Plaintiffs to articulate in their reply how the standard of responsiveness used by Midjourney fails to comply with Midjourney's prior agreement and this Court's orders, as well as to articulate the precise relief Plaintiffs would like the Court to order. Assuming Plaintiffs repeat their prior request that Midjourney make the complete v8 and "torch-aesthetic-redux" repositories available for inspection, the Court also wants Plaintiffs to articulate how the Court could order Midjourney to comply with the responsiveness standard that Plaintiffs believe was agreed to and still produce something less than the entire repositories. The Court similarly encourages Midjourney to consider proposing some additional scope of source code/data that the Court might order Midjourney to make available for inspection if the Court is persuaded that Midjourney has not fully complied with its prior agreement and the Court's orders. The purpose would be to provide the Court with an option that is less than directing Midjourney to make the entire repositories available.

**Plaintiffs' Issue No. 2: Midjourney's Compliance with the Order re Training Data Production (Dkt. 212) [RFP No. 4; ROG No. 3]:** Midjourney has agreed to produce the two requested inventory reports and has initiated the process for these reports to be generated. Midjourney does not control the generation of these reports and therefore must wait for the process to run its course, but will produce them as soon as they are generated. Midjourney will update Plaintiffs on the status of generation on Thursday when the parties meet and confer on various discovery disputes. Midjourney has also agreed to investigate the file folder with URL files identified by Plaintiffs. If these URLs are metadata that was separated from training data, then Midjourney agreed to produce them. The final dispute here is the category of data that Midjourney originally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-05275-JAK-AJR** | Date | November 9, 2026 |
| Title | Disney Enterprises Inc., et al. v. Midjourney Inc. | | |

identified as training data that has not been produced because Midjourney contends that it has now validated the data is not in fact training data. To address this concern, the Court directs Midjourney to provide a supplemental declaration from a declarant with personal knowledge who can discuss this category of data, explain why it was originally identified as training data, state that the declarant has personally confirmed this data is not in fact training data, and explain how the declarant has confirmed that. Midjourney shall have until **November 16, 2026** to provide such declaration, which the Court will accept as satisfying the requirements of the Order re Training Data Production.

**Plaintiffs' Issue No. 3: Alleged Deficiencies in Midjourney's Document Collection and Search:** Midjourney has agreed to provide Plaintiffs with a proposal on additional search terms in advance of their scheduled meet and confer session on Thursday. Plaintiffs have also agreed to provide Midjourney with additional information as to the ten additional custodians being sought in advance of the meet and confer session on Thursday.

**Midjourney's Issue No. 1: Deadline for Disney's Court-Ordered Production of Documents Regarding OpenAI Deal:** Plaintiffs contend that they produced the requested documents on November 6, 2026. Midjourney will review the production and advise as to whether the agree this issue is now resolved.

**Midjourney's Issue No. 2: Plaintiffs' Search for Responsive ESI:** Plaintiffs agreed to produce any non-privileged documents analyzing harm to Plaintiffs caused by generative AI. Midjourney disputes the adequacy of the ESI search conducted by Plaintiffs with regard to the search terms and custodians included in the search. It is unclear whether Midjourney also disputes the scope of what Plaintiffs agreed to produce. Plaintiffs agreed to propose additional search terms and custodians and will do so no later than Monday in advance of a meet and confer session with Midjourney that the parties will schedule to discuss this dispute. The Court encourages Midjourney to raise with Plaintiffs at this meet and confer session any dispute regarding the scope of what Plaintiffs agreed to produce so that it is clear whether the dispute is solely focused on the adequacy of Plaintiffs' search for responsive documents or whether it also includes Plaintiffs' actual discovery responses in terms of the scope of what they agreed to produce. The parties should attempt to resolve these disputes informally and then Midjourney can raise any remaining dispute with the Court at the next informal discovery conference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-05275-JAK-AJR** | Date | November 9, 2026 |
| Title | Disney Enterprises Inc., et al. v. Midjourney Inc. | | |

**Midjourney's No. 3: Warner Bros' Use of Midjourney in Connection with *Supergirl*:** Plaintiffs have agreed to provide additional responsive documents no later than November 20, 2026. Plaintiffs confirmed that they are investigating to see if they have possession, custody, or control of the behind-the-scenes video that was the impetus of this dispute. Midjourney will review Plaintiffs' forthcoming production and see if that resolves this dispute.

**Next Steps:** The Court scheduled further informal discovery conference by video for **December 3, 2026 at 9:30 a.m.** The Courtroom Deputy Clerk will circulate a link to the parties to join the videoconference. The parties shall submit a joint status update no later than **December 1, 2026**.

IT IS SO ORDERED.

| | |
|---|---|
| | 1:22 |
| **Initials of Preparer** | N.H. |